**FRED JOHNSON CEMENT BLOCK CO.,** a Minnesota corporation, Plaintiff,

v.

**WAYLITE COMPANY,** an Illinois corporation, and Zenith Concrete Products Company, a Minnesota corporation, Defendants.

**No. 5-59 Civ. 36.**

United States District Court
D. Minnesota,
Fifth Division.

April 18, 1960.

Lewis, Hammer, Heaney, Weyl & Halverson, by Gene Halverson and Alton J. Olson, Duluth, Minn., for plaintiff.

Nye, Montague, Sullivan & McMillan, by James G. Nye, Duluth, Minn., for defendant Waylite Co.

Johnson, Bruess & Davis, by Daniel A. Davis, Duluth, Minn. for defendant Zenith Concrete Pro. Co.

DONOVAN, District Judge.

This matter came on for hearing before the Court at Duluth, Minnesota, on October 9, 1959, on motions by both defendants to dismiss. Subsequently, defendant The Waylite Company changed its motion to a motion for summary judgment, and on March 18, 1960, both motions came on for hearing. Defendants will be referred to as Waylite and Zenith, respectively.

On August 12, 1959, plaintiff filed its complaint bringing suit for treble damages against defendants, as allowed by Section 4 of the Clayton Antitrust Act (15 U.S.C.A. § 15).

On September 15 and 17, 1959, Zenith and Waylite, respectively, filed motions to dismiss the action on the grounds that the complaint failed to state a claim against each of the respective parties upon which relief can be granted. These motions were argued orally before this Court on October 9, 1959, and briefs were submitted thereafter. Subsequently, on November 6, 1959, the plaintiff filed an amended complaint. This Court, by consent, extended the time which defendants were allowed to answer the amended complaint.

Defendants again filed motions to dismiss the action, claiming the amended complaint failed to state a claim upon which relief can be granted. Subsequently, Waylite changed its motion to dismiss to a motion for summary judgment, pursuant to Fed.Rules Civ.Proc. Rule 56, 28 U.S.C.A. The matters under consideration have been thoroughly presented by briefs and oral argument.

Plaintiff has charged that Waylite and Zenith deliberately entered into an agreement which restricted the sale of light weight aggregate to non-competitors of Zenith in order to unreasonably restrain the flow of said light weight aggregate and concrete blocks made therefrom in the trading territory of northeastern Minnesota and northwestern Wisconsin, which has created a monopoly in the manufacture and sale of light weight concrete building blocks in this territory, enjoyed solely by Zenith.

The file relied on by movants discloses the factual situation to be substantially as follows:

Plaintiff and Zenith are engaged in the manufacture and sale of concrete building blocks in direct competition with each other. Plaintiff alleges that there are two types of concrete blocks, light weight building blocks and gravel blocks. It is claimed by plaintiff that basically each block has a distinctive use, and that normally they are not competitive. Approximately 40% of the blocks used in plaintiff's trade were light weight blocks, and building specifications in plaintiff's trade territory call for one or the other type of block, according to the purpose to be accomplished.

The normal trade territory for plaintiff and Zenith, where they are also in competition with other block manufacturers, is northeastern Minnesota and northwestern Wisconsin.

Waylite's plant is the only producer of light weight aggregate made from slag, or from any other material, which is used in the manufacture of light weight concrete building blocks in said territory. Blocks made from this type of aggregate (slag) have qualities and characteristics of unique value which make them superior in use and cost to light weight blocks made from other type aggregates. The only other aggregate available to plaintiff and other manufacturers of light weight blocks in its trade territory is that made from clay, which is obtainable from two sources only, both of which are over 150 miles distant from Duluth, Minnesota, where plaintiff is located. Because of transportation costs, blocks made from the clay aggregate cannot be sold at prices competitive with blocks made from the aggregate supplied by Waylite.

On or about January 1, 1958, Waylite gave Zenith an exclusive right to sell all of the light weight aggregate sold by Waylite in the State of Minnesota and Douglas County, Wisconsin.[1] Thereafter Zenith has refused to sell this aggregate to plaintiff and other concrete block manufacturers who are in competition with it, and as a result plaintiff and said other manufacturers have had to cease the production and sale of light weight concrete building blocks in the trade ter-

[1.] See exhibit A, attached to the affidavit filed in support of Waylite's motion for summary judgment.

ritory of northeastern Minnesota and northwestern Wisconsin.

■ In this type of proceeding, where dismissal and summary judgment are sought by movants, the allegations of the complaint relied on by the plaintiff must be assumed true and liberally construed by the Court. Able counsel have exhaustively briefed, and at several special terms of this Court have earnestly argued the important questions of law the pending motions present for decision. The type of case at bar may require a lengthy trial, creative of vexatious problems. The Court has considered all of this in arriving at disposition of the motions.

■■ The rules of pleading in the instant case are as liberal in their application as in any other case.[2] The complaint is sufficient if it states facts upon which relief can be granted on any sustainable basis. The pleader is required only to set forth allegations to support a plain and simple cause of action, as distinguished from evidentiary matters. It is not necessary for the pleader to set out in detail the acts complained of, nor the circumstances from which the pleader has concluded that the antitrust laws have been violated.[3] The allegations of the complaint, in considering the instant motions, may be accepted as true.[4]

Plaintiff, by appropriate allegations and supporting affidavit, has shown that, by the use of the exclusive sales agreement conferred on Zenith by Waylite, Zenith has refused to sell the light weight aggregate to its competitors (who at one time produced light weight blocks made of this aggregate and who no longer produce said blocks), and that this conduct has, in effect, put a restraint on the supply of these blocks in northeastern Minnesota and northwestern Wisconsin, and which, by reason thereof, has tended to create a monopoly of light weight concrete building blocks in the trade territory involved herein by allegedly forcing Zenith's competitors out of the light weight concrete building block trade. The file of the present case supports the suggestion that light weight blocks cannot be considered in the same relevant market as gravel blocks, because of certain qualities and characteristics in their make-up which give them valuable uniqueness absent in gravel blocks. This appears to be especially true where the building specifications in a trade territory call for either gravel or light weight concrete blocks according to the purpose for which they will be used.

■ In the instant case, where we have the plaintiff suing for treble damages for injuries received in violation of the antitrust laws, if the complaint alleges certain business practices which are such as might be shown to reduce, if not eliminate, competition, and thus increase defendants' share of the market for their products, said complaint is insulated against motions to dismiss[5], and is sufficient.[6] It is sufficient if it only alleges the existence of a conspiracy, intent to deprive plaintiff of interstate business, restraint of trade and injury to plaintiff.[7]

■ What Waylite, movant for summary judgment, stated in its brief concerning summary judgment and cited in

2. New Home Appliance Center, Inc. v. Thompson, 10 Cir., 250 F.2d 881.

3. Louisiana Farmers' Protective Union, Inc. v. Great Atlantic & Pacific Tea Co. of America, Inc., 8 Cir., 131 F.2d 419; New Home Appliance Center, Inc. v. Thompson, supra.

4. Sidney Morris & Co. v. National Ass'n of Stationers, Office Outfitters & Manufacturers, 7 Cir., 40 F.2d 620; Central Ice Cream Co. v. Golden Rod Ice Cream Co., 7 Cir., 257 F.2d 417.

5. Warner v. First National Bank of Minneapolis, 8 Cir., 236 F.2d 853, certiorari denied 352 U.S. 927, 77 S.Ct. 226, 1 L. Ed.2d 162.

6. LaChapelle v. United Shoe Machinery Corp., D.C.Mass., 90 F.Supp. 721.

7. Mitchell Woodbury Corp. v. Albert Pick Barth Co., Inc., 1 Cir., 41 F.2d 148.

support thereof [8], is true, but not particularly applicable to the instant motion. A motion for summary judgment by defendant is an extreme remedy and should not be granted except where the movant is entitled to its allowance beyond all doubt. That is, it should be granted only in the absence of a genuine material fact issue, or in other words, where the pleadings and supporting affidavits leave no room for controversy and show that plaintiff could not possibly recover under any circumstances.[9] Such is not true in the instant case.

Waylite, in its brief, thoroughly argued that exclusive dealing contracts are not illegal per se, and that manufacturers have a right to deal with whom they please, citing authority therefor.[10] Such fact is not disputed by the plaintiff. But there are exceptions to this claimed right to exclusive dealing contracts. They must be exercised in good faith, and should not be used to lessen competition, nor to create a monopoly in another line of commerce.[11] One who has a lawfully acquired monopoly may not use such power to beget further monopolies, nor to extend his own monopoly through unreasonable restraint of trade.[12] Such practices are prohibited by the antitrust laws.

Plaintiff need not show a specific intent to monopolize or unreasonably restrain the trading in commerce of light weight concrete blocks, nor is it necessary to show an express agreement between the two defendants in order to establish a conspiracy. It is enough that a concert of action is contemplated, and that defendants conformed to the arrangement[13], and if unreasonable restraint of trade or monopoly results as a consequence of the defendants' business arrangements, an unlawful intent to do so may be inferred.[14]

Plaintiff's amended complaint and supporting affidavit are sufficient to warrant denial of the relief sought by defendants.

The defendants' motions are denied.

It is so ordered.

Exceptions are allowed.

8. Waylite cited:
Marion County Co-op. Ass'n v. Carnation Co., 8 Cir., 214 F.2d 557; Engl v. Aetna Life Ins. Co., 2 Cir., 139 F.2d 469; Twin Ports Oil Co. v. Pure Oil Co., D.C.Minn., 46 F.Supp. 149; Section 1235.1 of Federal Practice and Procedure, by Barron and Holtzoff.

9. Warner v. First National Bank of Minneapolis, supra; Traylor v. Black, Sivalls & Bryson, Inc., 8 Cir., 189 F.2d 213.
During oral argument on March 18, 1960, the Court cited as a classic example justifying dismissal or summary judgment, as where a statute of limitations has run against plaintiff's claim.
See: Powell v. St. Louis Dairy Co., 8 Cir., 276 F.2d 464.

10. Such as United States v. Bausch & Lomb Optical Co., 321 U.S. 707, 64 S.Ct. 805, 88 L.Ed. 1024; United States v. American Tobacco Co., 221 U.S. 106, 31 S.Ct. 632, 55 L.Ed. 663; United States v. Imperial Chemical Industries, Ltd., D.C. S.D.N.Y., 105 F.Supp. 215.

11. Technical Tape Corp. v. Minnesota Mining & Manufacturing Co., 2 Cir., 247 F. 2d 343.

12. United States v. Griffith, 334 U.S. 100, 68 S.Ct. 941, 92 L.Ed. 1236.

13. United States v. Paramount Pictures, Inc., 334 U.S. 131, 142, 68 S.Ct. 915, 92 L.Ed. 1260.

14. United States v. Griffith, supra; United States v. Columbia Steel Co., 334 U.S. 495, 525, 68 S.Ct. 1107, 92 L.Ed. 1533.