### In re TOMMER'S WILL.

No. 20158.

County Judge's Court, Broward County.

November 17, 1964.

John W. Douglass, Fort Lauderdale, for the administrator.

George, Ames & Ritter, Miami, for Ada Tommer.

STEWART F. LaMOTTE, Jr., County Judge.

This cause came on to be heard on the petition of Ada Tommer for probate of the purported last will and testament of Louis Tommer, deceased, dated the 4th day of March, 1939, and the court having heard argument, received evidence and being fully advised in the premises, makes the following findings of fact —

The decedent, Louis Tommer, and the petitioner, Ada Tommer, were married in 1931 and lived together as husband and wife until 1942.

On March 4, 1939, the decedent executed the last will and testament now offered for probate. By this will, the decedent devised and bequeathed all of his estate to "my beloved wife, Ada Tommer" and named "my said wife, Ada Tommer, as Executrix . . . without bond." The will provides that "in the event my said wife, Ada Tommer, predeceases me," the entire estate is devised and bequeathed to the son of Ada Tommer, born of her first marriage, one Edward W. Reese. The said Edward W. Reese died prior to the date of death of the decedent.

The decedent and Ada Tommer lived together as husband and wife after the execution of the said last will and testament, and on or about July 17, 1942, Ada Tommer filed an action for divorce in the court of common pleas of Cuyahoga County, Ohio. A final decree of divorce was entered on February 5, 1944, in favor of the defendant, Louis Tommer, on his cross petition against the plaintiff, Ada Tommer. This final decree of divorce specifically determined "that the marriage contract heretofore existing between the said Ada Tommer and Louis Tommer be and the same is hereby dissolved and both parties are released from the obligations of the same." Further, the final decree specifically provided for a lump sum property settlement between the parties and did not grant to Ada Tommer any permanent or periodic alimony payments. The property settlement embodied in the decree was full and complete.

It was admitted at the hearing that no children were born of the marriage of Louis Tommer to Ada Tommer and that no children were born to Louis Tommer during his lifetime. Further, it appears that about one year after his divorce, Louis Tommer married his second wife, one Katherine Dittmar Tommer, and lived with her as husband and wife until the date of her death during the year 1950.

Louis Tommer did not enter into any ceremonial marriage with any person at any time subsequent to the date of death of his second wife, Katherine Dittmar Tommer.

Shortly after the death of the decedent, his brother, Fred Tommer, Sr., petitioned this court for the issuance to him of letters of administration, and the court, upon receipt of waivers from all parties who then appeared to be the heirs at law of the decedent (his brothers and sisters), issued letters testamentary to Fred Tommer, Sr. Said administrator is now the duly qualified and acting administrator of the estate of Louis Tommer, deceased.

The petitioner, Ada Tommer, who appeared at the hearing with her counsel of record, admitted through her attorney that the operation and effect of section 731.101 of the Florda Statutes would be that the bequests to her contained in the last will and testament dated March 4, 1939 were null and void, and that the entire estate of the decedent would pass by operation of law to the heirs at law of the decedent as determined by the order of succession set out in section 731.23 of the Florida Statutes.

Counsel for Ada Tommer stated at the hearing (as he had stated in a previous hearing) that he, on behalf of Ada Tommer, intended to file an action to establish the alleged right of Ada Tommer to the entire estate as the sole heir at law of Louis Tommer, deceased, on the theory that she was his common law wife at the time of his death. On September 28, 1964, this court entered an order determining that it was without jurisdiction to try and determine the issue of the existence or non-existence of the alleged common law marriage.

Counsel for Ada Tommer contends that the will is, in fact, the last will and testament of Louis Tommer, deceased (no contrary evidence having been submitted by counsel for the administrator), and that notwithstanding the fact that Ada Tommer could not by reason of section 731.101 of the Florida Statutes take under the will, she would nonetheless have the right to serve as executrix.

Counsel for the administrator, Fred Tommer, Sr., contended (i) that the said will was by operation of section 731.101 F.S. "made null and void by means of said divorce insofar as said will affects the surviving divorced spouse;" that the meaning of the foregoing statutory words was to preclude the wife from serving as executrix because the will would "affect" said Ada Tommer insofar as it appointed her executrix; and (ii) that Ada Tommer should not be permitted to qualify as executrix of this estate by reason of the fact that she has an adverse interest; that the beneficiaries of the will have the prior right to appoint-

ment as personal representative, and the right to serve as personal representative follows the property, and that the proposed, but as yet unfiled, litigation to establish her position as common law wife of the decedent would put her in a position of hostility to the heirs at law, namely, the brothers and sisters and issue of predeceased brothers and sisters of the decedent.

It appears that this estate is substantially administered; notice to creditors was first published on June 29, 1964; a substantial amount of the assets of the estate have been reduced to cash, and $32,676.01 of the cash assets of this estate have been placed in depository accounts; the inventory and appraisal of all assets of the estate have been completed; insurance, pension and social security claims have been settled; all assets of the estate have been reduced to cash with the exception of a house trailer and lot appraised at $4,500; and substantially all claims against the estate have been paid.

Upon the above and foregoing facts, the court makes the following conclusions of law —

At common law certain changes in a testator's circumstances would raise the presumption of intent to revoke an existing will, which presumption was applied in cases of the subsequent marriage of a femme sole and of the subsequent marriage of a man followed by the birth of issue. The doctrine of implied revocation of a will from a change in the testator's circumstances has been widely accepted in the United States but the Supreme Court of Florida held in Ireland v. Terwilliger, 34 So.2d 52 (Fla. 1951), that a divorce subsequent to the date of execution of a will did not revoke bequests made to a divorced spouse. No Florida case has been found on the question here presented. 6 Miami L.Q. 271 (1952). In the Terwilliger case, it does not appear that there was a property settlement that was indicative (as in the present case) of an intent of the parties that all matters of property be completely and finally settled. On the facts of this case, it does not appear that the testator had any moral obligation to his first wife whom he divorced more than twenty years before his death to permit her to share in the property acquired during the marriage.

The Court construes 731.101 F.S. to mean that the surviving divorced spouse cannot serve as personal representative because if she is permitted to qualify such qualification will "produce an effect" upon her or "produce a material influence upon" her, Webster's Third New International Dictionary Unabridged. The Supreme Court of Alabama in Jeffries v. Boyd, 112 So.2d 210, construed a very similar statute on May 21, 1959. The Alabama statute declares that a divorce operates as a "revocation" of that part of the will "making provision for" the divorced spouse. The

Florida statute uses the words "shall be made null and void" instead of "revocation" and says "insofar as said will affects" instead of "making provision for." The difference between the statutes is one of semantics. In the Jeffries case the Alabama court found that —

"None but the naive could believe that it was the intention of the testator that his divorced wife should act as the executrix of his estate. Unless the instrument clearly imports such intention, as it does not, the law should not operate to that result. The provision of the will here under consideration does not name Dovie Erlene Bice (now Mrs. Jeffries) as the executrix of his will, but does name "my wife," and imports consideration of the marital relation, and clearly contemplates the wife to be in lawful wedlock with him at his death. The divorce between the parties severed the marriage relation, and thereafter Dovie Erlene Bice (Mrs. Jeffries) was no longer the wife of Isaac Lee Bice. In contemplation of law, each was then a single person and she could never thereafter (except by a subsequent valid marriage with him) have been his wife at his death. Goodman v. McMillan, 258 Ala. 125, 61 So.2d 55. Therefore, it is clear that she is not entitled to letters testamentary on the estate of Isaac Lee Bice."

Further, the court finds as a matter of law that it should not permit an executrix named in a will to qualify and serve without bond when she has an interest adverse and hostile to the real parties in interest, namely, the heirs at law of the decedent. This court cannot now recognize the orally asserted claim of Ada Tommer as common law wife; no presumption has yet arisen that Ada Tommer is the common law wife; the burden of proof is upon her to establish her claim in a proper proceeding and until a final decree is entered by the court of competent jurisdiction determining that she was the common law wife of the decedent at the time of his death, she has no property interest in the estate upon which she can assert a priority to serve as personal representative. The right to letters of administration is a right which follows or is appurtenant to the property. Pryor v. First National Bank of Leesburg, 97 So.2d 143 (Fla. 1957).

Accordingly, it is upon consideration, ordered and adjudged as follows —

That the instrument dated March 4, 1939, and witnessed by Donald Berger and Josephine Berger, presented by Ada Tommer, as and for the last will and testament of Louis Tommer, deceased, having been duly established by sworn testimony as being the true last will and testament of said decedent, is admitted to probate according to law as and for the true last will and testament of Louis Tommer, deceased, and that the said will be duly recorded in the book of wills and the cost of recording the same taxed as a cost against this estate.

6

That letters testamentary shall not issue to Ada Tommer, the executrix named in said last will and testament, by reason of the fact that the marriage which existed at the time of the execution of said will between the decedent and Ada Tommer was terminated by divorce subsequent to the date of execution of such will.  F.S. 731.101.

That Fred Tommer, Sr., the administrator who has heretofore been qualified by order of this court shall continue in his said capacity as administrator and he shall hereafter be designated as administrator, cum testamento annexo de bonis non, and Fred Tommer, Sr., shall continue in said capacity without duty of rendering an interim accounting by reason of the change in his designation herein provided, and that his liability as principal on his bond and the liability of the sureties on the bond heretofore filed in this cause shall continue unabridged and uninterrupted in the same manner as though the technical designation of the official position of Fred Tommer, Sr., had not been changed by order of this court.