## SULLIVAN v. FLORIDA PUBLISHING CO., et al.

No. 65-2823-L.

Circuit Court, Duval County.
January 11, 1966.

Lewis, Paul & Bennett, Jacksonville, for plaintiff.

Harold B. Wahl, Loftin & Wahl, Jacksonville, for defendants.

JOHN M. McNATT, Circuit Judge.

*Summary judgment:* This cause came on for hearing on defendants' motion for summary judgment, and was argued by counsel

for the respective parties. At the argument, it was agreed that there was no actual or personal (as distinguished from implied) malice on the part of defendants, and that the publication complained of was contained in an advertisement appearing in the Florida Times-Union.

The advertisement stated in effect that the owner of a waterfront home would sell the same for the "best offer". The words contained in the advertisement and alleged by the plaintiff to have been libelous are —

"This home has been lived in by a high ranking officer who willfully broke his contract to buy and will be sold as is. * * * 4961 Dian Wood Drive."

The complaint asserts that the quoted portion of the advertisement — "conveyed the impression that the plaintiff was dishonest in that he willfully refused to honor his legal obligations".

An alleged innuendo is "ineffective for the purpose of fixing the character of an alleged libelous publication as being libelous per se." See Layne v. The Tribune Co., 108 Fla. 177, 146 So. 234; Cooper v. Miami Herald Pub. Co. (Fla.), 31 So. 2d 382; Emde v. San Joaquin County Central Labor Council (Calif.), 143 Pac. 2d 20, Tex 28.

Without the innuendo, the words used in the advertisement are not libelous per se, Richard v. Gray (Fla.), 62 So. 2d 597, 33 Am. Jur. 78, §60, and do not render the publisher liable without allegation and proof of special damages, of which there is none.

Upon the pleadings, the deposition and affidavit on file, and the agreement or stipulation that there was no personal or actual malice involved, the court finds that there is no genuine issue of material fact, and that the defendants are entitled to judgment as a matter of law.

It is therefore ordered and adjudged — (1) The motion for summary judgment is granted. (2) The plaintiff shall take nothing by this action, and the defendants, Florida Publishing Company and John S. Walters, do go hence without day, and do have and recover of and from the plaintiff, John W. Sullivan, their costs, which are fixed and taxed at the sum of $53.25, for which let execution issue.