## COBB v. FLORIDA PUBLISHING CO. (No. 2)

No. 67-7018.

Circuit Court, Duval County.

June 28, 1968.

S. Perry Penland and James C. Handly, Jr., both of Jacksonville, for plaintiff.

Harold B. Wahl of Loftin & Wahl, Jacksonville, for defendant.

HENRY F. MARTIN, Jr., Circuit Judge.

*Order ruling on defendant's motion for new trial:* This cause is before the court upon defendant's alternative motion for judgment notwithstanding the verdict or for a new trial. The court has carefully considered defendant's motions and the cause was fully argued by counsel for both parties. Defendant has set forth numerous ground in support of its alternative motion.

During the argument on defendant's said motion, its counsel requested and was granted leave to argue a ground which was not set forth in the written motion previously filed. Following the argument, defendant's counsel requested and was granted leave to amend the prior motion by setting forth such additional ground as a part of the record in this cause. The additional ground relates to a fundamental proposition of law with respect to the burden of proof in a case of this nature and presents a question of primary importance to this court.

Defendant's counsel candidly admits that this proposition of law was not urged at any stage of these proceedings prior to the argument on motion for new trial. Counsel recognizes that ordinarily failure to request an appropriate instruction on a question of law or failure to assert the same prior to the rendition of final judgment amounts to a waiver of any such matter. However, counsel urges that the question here involved is of such fundamental importance

that this court may consider the same even though the question was first raised in the post-trial motion.

Defendant contends that the Supreme Court of the United States in New York Times Co. v. Sullivan, 11 L.Ed.2d 686 (1964), and subsequent cases, established that the proof presented to show actual malice must be of "convincing clarity" in order to satisfy the constitutional standard of proof. Defendant asserts that such degree of proof is beyond the mere preponderance of the evidence ordinarily required in civil cases — even though less than proof beyond and to the exclusion of every reasonable doubt required in a criminal case. It is undisputed that the jury in this case was instructed upon the ordinary "preponderance of the evidence" rule applicable to ordinary civil cases.

Defendant's contention appears to be clearly supported in the express language used in the *Sullivan* case and subsequent decisions. Such a concept is clearly and firmly established in certain types of civil cases in Florida, see for example Matthews v. Matthews, 133 So.2d 91, 94, and the cases therein cited. The Supreme Court of Florida appeared to recognize this degree of proof, which is somewhat higher than the ordinary preponderance of the evidence, in Abraham v. Baldwin, 42 So. 591 (Sup. Ct. Fla. 1906), involving certain issues in an action for slander.

In Wofford Beach Hotel, Inc. v. Glass, 170 So.2d 62 (3rd Dis. Fla. 1964), it was pointed out that failure to object to an instruction ordinarily precludes a review thereof, nevertheless, if such error is of such a fundamental nature that a fair trial might not result then a new trial should be granted. A trial court must instruct a jury on the degree of proof necessary to sustain a claim, 32 Fla. Jur., *Trial,* §202. Where an erroneous charge is given, injury to the affected party is presumed, Walker v. Parry, 40 So. 69 (Sup. Ct. Fla. 1906).

It appears to this court that a "clear and convincing" degree of proof is now required in cases of this nature, in order to sustain a claim of "actual malice."

So as to assure a fair trial to both the plaintiff and the defendant, the court will note the existence of fundamental error in the jury charge — even though the question was not timely raised by defendant. To permit the verdict in this cause to stand would be to deprive the defendant of one of its fundamental rights concerning the degree of proof necessary to support plaintiff's claim of "actual malice."

In view of the court's granting of a new trial herein, the motion for judgment notwithstanding the verdict becomes moot. As stated

in Atlantic Coast Line Railroad Company v. Boone, 85 So.2d 834, 839 (Sup. Ct. Fla. 1956) —

> "Where the motion for the judgment notwithstanding the verdict is joined in the alternative with the motion for a new trial and the new trial is granted, then there is in existence no judgment from which an appeal could be perfected in order to raise the question of the correctness of the ruling on the motion for judgment notwithstanding the verdict."

It is therefore unnecessary for the court to rule on said motion.

Accordingly, it is adjudged as follows — (1) That the defendant's motion for a new trial is granted and the verdict and judgment heretofore entered in this cause is vacated and set aside. (2) That this cause shall forthwith be scheduled for trial upon appropriate notice by either of the parties hereto.