221 So.2d 459 (1969)
OCALA STAR-BANNER COMPANY, a Florida Corporation, and Loyal Phillips, Individually, Appellants,
v.
Leonard DAMRON, Appellee.
No. K-86.
District Court of Appeal of Florida. First District.
April 22, 1969.
Rehearing Denied May 9, 1969.
*460 Loftin & Wahl, Jacksonville, and Greene, Ayres, Swigert & Cluster, Ocala, for appellants.
Wallace Dunn, Ocala, for appellee.
PER CURIAM.
Appellant has appealed a final judgment entered pursuant to a jury verdict awarding damages to the appellee in a libel action.
The libel consisted of an item published in appellant's newspaper stating that appellee had been indicted for perjury by the federal government. As it turned out, the publication was false and that it was appellee's brother who had been so indicted and not the appellee himself. A directed verdict on the question of liability was granted, and the case went to the jury on damages only.
Appellant contends that this case is controlled by the recent pronouncements of the federal courts on the law of libel as it relates to the news media typified by New York Times Co. v. Sullivan, 376 U.S. 254, 84 S.Ct. 710, 11 L.Ed.2d 686, which in essence held that before a plaintiff may recover for libel from a newspaper, express malice must be shown. This principle seems to rest on the proposition that a newspaper has a duty to comment upon the manner in which our public officials perform the duties of their office and that in so commenting, the media is entitled to a greater latitude in bringing out matters concerning such officials which when spoken or written about a nonpublic official or figure might be libelous per se. We have no particular quarrel with that concept when its application is limited to cases giving rise to its emergence.
In the New York Times case, the court stated at 376 U.S. 279, at 84 S.Ct. at 726, 11 L.Ed.2d 706:
"The constitutional guarantees require, we think, a federal rule that prohibits a public official from recovering damages for a defamatory falsehood relating to his official conduct unless he proves that the statement was made with `actual malice'  that is, with knowledge that it was false or with reckless disregard of whether it was false or not."
The court further stated at page 283 of 376 U.S., at page 727 of 84 S.Ct., at page 708:
"We hold today that the Constitution delimits a State's power to award damages for libel in actions brought by public officials against critics of their official conduct."
*461 And again in footnote 23 at page 283 of 376 U.S., at page 727 of 84 S.Ct., at page 708:
"* * * that the allegations in the advertisement concerned what was allegedly his official conduct as Commissioner in charge of the Police Department. * * * they must be read as describing his performance of his official duties."

We have italicized certain phrases in the foregoing excerpts from New York Times to demonstrate the basis of our impression that it is the public officer's official conduct or the manner in which he performs his duties that affords the media a wide latitude for comment. It is the plaintiff officer's performance of duty that is so affected by the public interest which justifies the protection from libel actions afforded by the New York Times doctrine in absence of proof of malice. Indeed, the article itself makes no reference at all to the plaintiff's position as an officer or candidate for office. Hence, the record is devoid of any evidence to show that the appellant was acting in the area falling within the federal rule asserted.
An examination of the defamatory publication which gave rise to this case reveals that the plaintiff's official conduct or the manner in which he performed his duties were not the basis for the inaccuracy here involved; and, hence, it does not come within the protection afforded by the rule announced in the New York Times case. It follows therefore that the trial judge correctly held that it was unnecessary for the plaintiff to show malice.
We have considered the other matters raised by appellant and find them to be without substantial merit.
Affirmed.
RAWLS, Acting C.J., and JOHNSON and SPECTOR, JJ., concur.