C. HAROLD HANKS

*v.*

BECKLEY NEWSPAPERS CORPORATION, A CORPORATION

(No. 12824)

Submitted February 17, 1970.     Decided March 17, 1970.

*Bailey, Worrell, Camper & Viers, Harry G. Camper, Jr., D. Grove Moler,* for appellant.

*Lynch, Mann & Knapp, Jack A. Mann, G. Berk Lynch,* for appellee.

CAPLAN, JUDGE:

This is an action in libel instituted in the Circuit Court of Wyoming County by C. Harold Hanks, Clerk of the Circuit Court of Raleigh County, against Beckley Newspapers Corporation, a corporation engaged in the business of publishing newspapers. Upon the pleadings and after the testimony was adduced, a jury returned a verdict for the plaintiff, C. Harold Hanks, in the amount of $5,000.00 and a judgment was entered in that amount. Appeal from said judgment was denied by this Court and, upon petition, certiorari was granted by the Supreme Court of the United States. The Supreme Court held that the failure to make an investigation did not constitute proof sufficient to present a jury question as to whether the statements were published with reckless disregard of whether they were false or not. It further said that nothing in the record reveals "the high degree of awareness of * * * probable falsity demanded by New York Times * * *." Accordingly, the judgment was reversed and the case was remanded to the Circuit Court of Wyoming County for further proceedings "not inconsistent with this opinion."

Subsequently, in January, 1968, the plaintiff moved the court to docket this case for a new trial at the March Term, 1968, and requested permission to take the discovery depositions of Emile J. Hodel and others prior to the trial date. The defendant on February 5, 1968 filed a motion for summary judgment alleging that there was no genuine issue of fact to be tried by a jury. The motion assigned the following reasons: (1) The alleged publications are not actionable; (2) The circumstances under which they were published show them to be privileged publications; (3) They were not published with malice; (4) They were not published with a known resort to falsehood; (5) They were not published with a total disregard of the probability of falsity. In support of its motion the defendant assigns the record in the original trial of this case, the opinion and mandate of the Supreme Court of

the United States and the affidavit of Emile J. Hodel, the author of the alleged offensive statements. The plaintiff opposed the granting of summary judgment contending that there was a genuine issue of fact involved and in support thereof offered the affidavit of C. Harold Hanks and the deposition of Emile J. Hodel.

The circuit court on December 13, 1968, entered an order granting the defendant's motion for summary judgment and dismissed the case. In his opinion filed as a part of the record the trial judge indicated that the posture of the case was the same as when it was presented to the Supreme Court of the United States and added in relation to Emile J. Hodel's deposition that "the case would be no stronger with his evidence than it was without it." The plaintiff thereafter prosecuted this appeal.

The statements alleged to be libelous were contained in editorials written by Emile J. Hodel and published by Beckley Newspapers Corporation, the defendant, during the years 1960, 1961 and 1962. Primarily such statements were editorial comments in relation to the plaintiff's bid for reelection in 1962. Although the plaintiff says that he still relies on all of the alleged offensive statements designated in the original action, he concedes that the Supreme Court eliminated all but one statement in determining whether the defendant was guilty of libel. That statement, included in an editorial dated September 4, 1962, read:

> "The only conclusion to which we can come is that either Hanks and Mrs. Hurt have been in league toward the fanatic end, believing all the wild-eyed ravings against fluoridation despite decades of experience to disprove them, or that perhaps his blustering threats were able to intimidate the lady."

The basic question on this appeal is whether summary judgment should have been granted. Summary judgment strikes at the heart of a claim. It is a device designed to

effect a prompt disposition of controversies on their merits without resort to a lengthy trial, if in essence there is no real dispute as to salient facts or if only a question of law is involved. In our jurisdiction summary judgment is provided by Rule 56 of the West Virginia Rules of Civil Procedure. Subsection (c) thereof provides, where pertinent: "The judgment sought shall be rendered forthwith if the pleadings, depositions, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law."

The controlling consideration in this case is whether or not the record before the trial court, including the affidavit and deposition of Emile J. Hodel, showed the existence of a "genuine issue as to any material fact." If there were such issue the motion for summary judgment should have been denied. Conversely, summary judgment is proper if no such issue was shown to exist.

The Supreme Court of the United States, upon the record before it, decided that there was not sufficient proof to present a jury question as to whether the statements were published with reckless disregard of whether they were false or not. In effect, that Court held that the granting of a summary judgment would have been proper. It follows, therefore, that if a case was subsequently made which warranted jury consideration, such case must depend upon the deposition of Emile J. Hodel. In other words, does that deposition create a genuine issue as to any material fact?

A movant is entitled to summary judgment where the facts established show a right to judgment with such clarity as to leave no room for controversy and show affirmatively that the adverse party cannot prevail under any circumstances. 3 Barron and Holtzoff, Federal Practice and Procedure, Chapter 11, Section 1234, page 132. See *The Employers' Liability Assurance Corporation* v. *Hartford Accident and Indemnity Company*, 151 W. Va. 1062, 158 S. E.2d 212; *Aetna Casualty and Surety Company* v. *Federal Insurance Company of New York*, 148

W. Va. 160, 133 S. E.2d 770; *Petros* v. *Kellas,* 146 W. Va. 619, 122 S. E.2d 177; *Phoenix Sav. & Loan, Inc.* v. *Aetna Cas. & Sur. Co.,* C. A. 4th, 381 F.2d 245; and *Fred Johnson Cement Block Co.* v. *Waylite Co.,* 182 F. Supp. 914. See also Lugar & Silverstein, W. Va. Rules, page 436.

Applying the above principle to the instant case we are of the firm opinion that the evidence clearly reveals that the plaintiff could not prevail. The deposition of Emile J. Hodel fails to add any substance to the case which the Supreme Court had before it. A careful examination of such deposition, construing it most favorably for the plaintiff, reveals only that Mr. Hodel wrote the subject statement without making inquiries of anyone concerning his speculation as to whether the plaintiff threatened Mrs. Hurt. There was nothing in the deposition which revealed "the high degree of awareness of * * * probable falsity demanded by New York Times * * *." This deposition shows only that Mr. Hodel did not make an investigation before he wrote the editorial. In relation thereto the Supreme Court, in its consideration of this case said, "* * * it cannot be said on this record that any failure of petitioner to make a prior investigation constituted proof sufficient to present a jury question whether the statements were published with reckless disregard of whether they were false or not." *Beckley Newspapers Corporation* v. *C. Harold Hanks,* 389 U. S. 81, 88 S. Ct. 197, 19 L. Ed. 2d 248.

Under no circumstances, considering the evidence of record, could the plaintiff, within the guidelines of *New York Times Co.* v. *Sullivan,* 376 U. S. 254, 84 S. Ct. 710, 11 L. Ed. 2d 686, prove that the alleged offensive statements were written with malice, a necessary ingredient of actionable libel. Therefore, nothing presented by the plaintiff created a genuine issue for jury consideration as to the existence of malice and the defendant was entitled to a judgment as a matter of law. In view of the foregoing the judgment of the Circuit Court of Wyoming County is affirmed.

*Affirmed.*