## MOORE v. FLORIDA PUBLISHING CO.

No. 71-2076.

Circuit Court, Duval County.

June 1, 1971.

Ralph L. Thomas, Orange Park, for plaintiff.

Harold B. Wahl of Loftin & Wahl, Jacksonville, for defendant.

MAJOR B. HARDING, Circuit Judge.

*Summary judgment for defendant:* The court has heard argument of counsel on defendant's motion for summary judgment, and considered the pleadings and affidavits herein.

Plaintiff sued for libel after the defendant newspaper ran stories on his indictment for conspiracy to murder three attorneys and a real estate broker. Plaintiff also complained of statements alleged to have been made by public officials and at public board meetings with respect to him and his real estate projects.

The defendant has filed affidavits which are uncontroverted. They show the newspaper articles were all fair accounts of matters of public interest; that the public officials made the statements attributed to them, and that the public records supported said statements. It is admitted that since the institution of suit, plaintiff has pleaded guilty to the charge of conspiracy to commit aggravated assault against the four men named in the indictment.

There is a good analysis of the decisions on the First Amendment by the United States Supreme Court in New York Times v. Sullivan (1964) 376 U.S. 254, and following cases; in Bon Air v. Time (USCA-5, 1970) 426 F.2d. 858. There, the court cited various cases and said —

> "We agree with these decisions that publications concerning matters of public interest are protected by the First Amendment absent proof of express malice." (page 861).
> And that "actual malice must be proved with convincing clarity." (page 864).

There, the court upheld summary judgment for the defendant news magazine, and said at pages 864-5 —

"It is clear that, where a publication is protected by the *New York Times* immunity rule, summary judgment, rather than trial on the merits, is a proper vehicle for affording constitutional protection in the proper case."

Other excellent cases summarizing the reasons for summary judgment in libel cases are — Bishop v. Wometco (Fla. DCA-3, 1970) 235 So.2d 759; Merritt-Chapman & Scott v. Associated Press (C.C. Dade, 1970) 33 Fla. Supp. 102; and Damron v. Ocala Star-Banner (C.C. Marion, May 7, 1971) 35 Fla. Supp. 137, where summary judgment was entered following the decision of the United States Supreme Court at 400 U.S._____, 28 L.Ed. 2d. 57, 91 S.Ct. 628 (February 24, 1971).

There is no showing of any kind of constitutional "express malice" here, i. e., a "calculated falsehood", let alone proof of "convincing clarity" thereof.

In support of summary judgment, see also Beckley v. Hanks (1967) 389 U.S. 81, where, after the United States Supreme Court reversed, the trial court on affidavit filed therein, entered summary judgment, and the Supreme Court of Appeals of West Virginia affirmed summary judgment at 172 S.E. 2d 816 (1970); Greenbelt v. Bresler (1970)_____U.S._____, 26 L.Ed. 2d. 6, where, after the United States Supreme Court reversed, the Maryland Court of Appeals on July 7, 1970, vacated its prior mandate and reversed the judgment for plaintiff, thus ending the case under Maryland practice; Beatty v. Ellings (Minn. 1969) 173 N.W. 2d 12, reversing the lower court for not awarding summary judgment for defendant; Dacey v. Florida Bar (CA. Fla. 1970) 427 F. 2d 1292, directing that summary judgment be entered for defendant Anderson; Hill v. Lakeland Ledger (Fla. DCA-2, 1970) 231 So.2d 254; Abram v. Odham and Florida Publishing Company (1956) 86 So.2d 334; Amos v. Florida Publishing Company (Fla. CC. 1964) 23 Fla. Supp. 169; Barrow v. Florida Publishing Company (Fla. CC. 1965), affirmed per curiam at 178 So.2d 628, certiorari dismissed at 183 So.2d 215; Carroll v. Florida Publishing Company (Fla. CC. 1965) 25 Fla. Supp. 5; Sullivan v. Florida Publishing Company (Fla. CC. 1966) 26 Fla. Supp. 51; and West v. Florida Pulishing Company (Fla. CC. 1968) 30 Fla. Supp. 1.

The court finds, therefore, based on the pleadings and affidavits, the entire record here, that there is no genuine issue as to any material fact and that defendant is entitled to summary judgment as a matter of law.

It is, therefore, ordered that plaintiff take nothing by his suit and that defendant go hence without day.