PER CURIAM.
Damron appeals a final summary judgment in favor of appellee-newspaper. This cause has been the subject matter of protracted litigation. Damron initially recovered a judgment in his action for libel against the Ocala Star-Banner. This Court sustained the judgment appealed. 221 So.2d 459 (1 Fla.App.1969). The Federal Supreme Court granted certiorari and reversed. 401 U.S. 295, 91 S.Ct. 628, 28 L.Ed.2d 57 (1971). The trial judge found in the summary judgment now appealed that the Federal Supreme Court:
“. . . has held that under the First and Fourteenth Amendments to the United States Constitution, plaintiff must prove ‘with convincing clarity’ that defendants ran the story with express malice, i. e., ‘the publication was deliberately falsified, or published recklessly despite the publisher’s awareness of probable falsity’ . . .
“There is no evidence here that would take the case to the jury under that standard . . .”
We have studied at length the record developed in this cause, as well as the Federal Supreme Court’s decisions in New York Times v. Sullivan, 376 U.S. 254, 84 S.Ct. 710, 11 L.Ed.2d 686 (1964); Garrison v. Louisiana, 379 U.S. 64, 85 S.Ct. 209, 13 L.Ed.2d 125 (1964); Monitor Patriot Co. v. Roy,[1] 401 U.S. 265, 91 S.Ct. 621, 28 L.Ed. *292 2d 35 (1971); and Rosenbloom v. Metromedia, Inc., 403 U.S. 29, 91 S.Ct. 1811, 29 L.Ed.2d 296 (1971).
Apparently, the Federal Supreme Court has ruled that a public figure is without recourse when the news media, without proof of “express malice” of “convincing clarity,” chooses to publish defamatory falsehoods about such public figure. Thus, we are compelled to affirm the judgment appealed.
Affirmed.
SPECTOR, C. J., and WIGGINTON and RAWLS, J J., concur.

. Also see, Constitutional Aspects of Libel and Slander — Supreme Court Cases, 28 L.Ed.2d 885 (1972).