JOSEPH M. GEORGE

*v.*

JOHN BLOSSER *and* WEST VIRGINIA NEWSPAPER PUBLISHING COMPANY, *etc., et al.*

(No. 13305)

Decided April 30, 1974.

*James W. Brown, Jr.,* for appellant.

*Herschel Rose, Duane C. Southern and Timothy J. Padden, Charles S. Armistead* for appellees.

CAPLAN, CHIEF JUSTICE:

This is an appeal from a final judgment of The Circuit Court of Monongalia County in an action instituted by the plaintiff, Joseph M. George, against the defendants, John Blosser, a reporter for West Virginia Newspaper Publishing Company, West Virginia Newspaper Publishing Company, a corporation, the owner of the Sunday Dominion Post and the Morgantown Post and William A. Townes, publisher and general manager of said newspapers. The plaintiff instituted this action alleging that the defendants violated the provisions of Code, 1931, 55-7-2, commonly referred to as the insulting words statute. The plaintiff alleged therein that the violation was committed by the publication and circulation of two stories contained in the newspapers published by the defendant company.

In his complaint the plaintiff alleged that the aforesaid newspaper stories were written with malice and in such a manner that he was defamed and was caused to suffer great embarrassment all of which constituted the violation of the statute of which complaint was made. The plaintiff charged that "the words therein from their usual construction and common acceptation are construed as insults and tend to violence and breach of the peace."

Answering the complaint the defendants assert that the publications referred to were privileged; that the complaint failed to allege that the words published were false; that such words were not defamatory directly or by innuendo; that said words were true and were published with good motives and for justifiable ends; and that said words could not be contrued as insults and did not tend to violence and breach of the peace. Basically, the defendants aver that they in no manner violated said statute and that they did not in any manner wrong the plaintiff.

Subsequent to the taking of a discovery deposition from the plaintiff, the defendants, upon notice properly

given, filed a motion for summary judgment. This motion was considered upon the complaint and its exhibits, the answer and the deposition of the plaintiff who filed three affidavits in opposition to said motion. Upon consideration of the defendants' motion the court found that there was no genuine issue as to any material fact and that the defendants were entitled to a judgment as a matter of law. Upon the entry of a judgment for the defendants the plaintiff prosecuted this appeal.

Giving rise to the newspaper stories which form the basis of the plaintiff's action was the plight of a family named Dillard. The Dillards had been living in the town of Osage in Monongalia County when, in January, 1971, the house in which they resided was destroyed by fire. By reason thereof the Dillards were forced to move into an apartment which was wholly inadequate for their family which includes six children.

Mr. Dillard approached the plaintiff, who owned a house on Pennsylvania Avenue in the City of Morgantown and sought to rent that property. The plaintiff who had advertised this particular property for sale as a "Handyman's Special" declined the offer to rent, declaring that he desired only to sell the house. He informed an attorney acting in behalf of the Dillards that he would sell the house for $4,500.00 cash payment or for $6,000.00, $1,000.00 of which was to be a down payment and $5,000.00 of which would be paid at the rate of $50.00 per month. Mr. Dillard obtained the $1,000.00, paid it to the plaintiff and received a deed to the property.

The newspaper stories of which complaint is made are included in the record and have been examined carefully on this appeal. They relate to the fate suffered by the Dillard family as a consequence of their Osage home having been destroyed by fire. The stories noted that the family encountered difficulty in their search for a home. When Mr. Dillard applied for a loan from the two area banks his requests were refused. These requests were made to finance the $6,000.00 for the purchase of the

plaintiff's Pennsylvania Avenue property. The news stories then noted that "George made it possible for the Dillards to buy his house", allowing them to make a down payment and, as aforesaid, to pay the balance in monthly installments. It was noted that the plaintiff had purchased this house in 1961 for $1,780.00.

The defendant, John Blosser, reporting in the defendant papers, stated that he had walked through the house which the plaintiff had sold to the Dillards and found it to be in very poor condition. He then stated in the article "Still, after being homeless for six months, the Dillard family is unable to move into the home".

It was related in the newspaper articles that Mr. Dillard acknowledged when he purchased the house that it was in need of repair and that he did not seek another house because he had not been able to find one at that price. Mr. Dillard noted that it would take a lot of money to restore the house to good condition. The final article written by the defendant, John Blosser, noted that the Dillards were receiving some assistance from the citizens of Morgantown. The final paragraph reads: "The Dillards still are unable to move into their 'new' home, but the money and offers of material have taken some of the strain off their budget."

It is the plaintiff's contention that the manner in which these stories were written and published constituted insulting words which tend to violence and breach of the peace as contemplated by Code, 1931, 55-7-2. Pursuant thereto he sought $500,000.00 in compensatory damages and $500,000.00 in punitive damages.

The ultimate question to be resolved on this appeal is whether the trial court erred in granting the defendants' motion for summary judgment. The issue is not whether the house sold by the plaintiff is habitable or is in good or poor condition, but rather, as expressed in the complaint, whether the words in the newspaper stories "from their usual construction and common acceptation are

construed as insults and tends to violence and breach of the peace."

In relation to the latter question, upon thorough and thoughtful consideration of the newspaper stories, we find no genuine issue as to any material fact. The subject articles dealt with a matter of community concern, a fact readily acknowledged by the plaintiff. As aforesaid, they related the trials and tribulations of an unfortunate family in its search for a home. While defendant Blosser, the writer of the news items, pointed out many deficiencies in the plaintiff's house, he did not refer to him in a derogatory manner; in fact, he noted that Mr. George made it possible for the Dillards to consummate the purchase of the home after they had been refused loans by two banks.

The truth of the newspaper articles has never been questioned. The only conflict created by the plaintiff's deposition relates to the condition of the house, a matter which is not pertinent to the issue in this case. As the trial court properly held, there was no genuine issue as to any material fact on the question as to whether the defendants violated Code, 1931, 55-7-2 and the defendants were entitled to a judgment as a matter of law.

Summary judgment as provided by Rule 56, of the West Virginia Rules of Civil Procedure, is a device designed to effect a prompt disposition of controversies on their merits without resort to a lengthy trial, if in essence there is no real dispute as to salient facts or if only a question of law is involved. *Hanks v. Beckley Newspapers Corporation,* 153 W.Va. 834, 172 S.E.2d 816 (1970). As stated in *Hanks,* "A movant is entitled to summary judgment where the facts established show a right to judgment with such clarity as to leave no room for controversy and show affirmatively that the adverse party cannot prevail under any circumstances." See *Employers' Liability Assurance Corporation v. Hartford Accident and Indemnity Company,* 151 W.Va. 1062, 158 S.E.2d 212 (1967); *Aetna Casualty and Surety Company v. Federal Insurance Company of New York,* 148 W.Va. 160, 133 S.E.2d 770 (1963);

and 3 BARRON. AND HOLTZOFF, FEDERAL PRACTICE AND PROCEDURE, Chapter 11 Section 1234, page 132.

Our examination of the whole record satisfies us that the proof presented fails entirely to show that the defendants violated Code, 1931, 55-7-2, that, in relation thereto, there is no genuine issue as to any material fact and that the defendants are entitled to a judgment as a matter of law. See *Beckley Newspapers Corp. v. Hanks,* 389 U.S. 81, 88 S. Ct. 197, 19 L. Ed. 2d 248 (1967).

In view of the foregoing the judgment of the Circuit Court of Monongalia County is affirmed.

*Affirmed.*