**HINES, et al. v. FLORIDA PUBLISHING COMPANY, et al.**
Case No. 81-79230CA and
81-8329-CA (Consolidated)
Fourth Judicial Circuit, Duval County
January 6, 1982

Roy Lewis, or plaintiffs.

Harold B. Wahl and Russell W. LaPeer, for defendants.

S. GOODFRIEND, Circuit Judge.

This cause coming on to be heard after due notice on the Defendants' motions directed to the complaints in the consolidated cases and the Court having considered the oral argument of the respective counsel and the memoranda filed by the parties and being further advised in the premises finds as follows:

1.   Case No. 81-7923-CA, Division A, *William P. Hines, et al. vs. Florida Publishing Company and Jim Schachter,* was consolidated with Case NO. 81-8329-CA, Division D, Circuit Court, Fourth Judicial Circuit of Duval County, Florida,  wherein Robert L. Hart and Mary C. Hart, his wife are the Plaintiffs vs. Florida Publishing Company and Jim Schachter, Defendants. Both of the aforesaid cases were assigned to Division M.

2.   In both of the aforesaid cases the Defendants filed motions to dismiss and subject thereto, motions to strike.

3.   In the respective cases the Plaintiffs, among other matters, provided as follows:

Case No. 81-7923-CA:

"On or about September 5, 1980, plaintiff, William P. Hines, was and presently is a patrolman employed by the Jacksonville Sheriff's Office, Jacksonville, Duval County, Florida."

Case No. 81-8329-CA:

"On or about September 8, 1980, plaintiff, Robert L. Hart, was and presently is a patrolman employed by the Jacksonville Sheriff's Office, Jacksonville, Duval County, Florida."

4.   Therefore this Court finds that both of the respective Plaintiffs, William P. Hines and Robert L. Hart were patrolmen on or during the time of the alleged libels.

5.   The Defendant takes the position that the respective Plaintiffs were public officials in that they were patrolmen with the Sheriff's Office, and the Plaintiffs take the position that in that said parties were "moonlighting" and not acting within the scope of their employment at the time of the alleged libels that the question of public offical would not be germane.

6.   This Court further finds that this Court is limited to the four corners of the respective complaints and the allegations contained therein.

7. The first question for this Court to decide upon the motion to dismiss is whether or not from the very face of the respective complaints the Plaintiff-officers are public officials and in considering same, the Court finds that police officers are public officials within the holding of *New York Times v. Sullivan* (1964), 376 U.S. 254. See also *Gray v. Udevitz,* August 7, 1981, 7 M.L.R. 1872, 656 F.2d 588, the United State Court of Appeals for the Tenth Circuit. See *Wefler v. Indianapolis Newspaper* (Indiana CC 8-17-81) 7 Med.L.Rep. 1876, and *Shafer v. Lamar Publishing* (Mos.Court of Appeals 8-14-81) 7 Med.L.Rep. 2049.

8. The next point involved is whether or not the matters alleged took place while said public officials were within the scope of their employment or in a private capacity. This Court, after having considered the *Ocala Star Banner v. Damron* (1971) 401 U.S. 295 (Fla. DCA 1-1972) 263 So.2d 291, and the subsequent reversal of the trial court and district court by the United States Supreme Court in 401 U.S. 295. In its Summary Judgment entered by the First District Court of Appeal at 263 So.2d 291, the Court, among other matters, held as follows:

> "Apparently, the Federal Supreme Court has ruled that a public figure is without recourse when the news media, without proof of 'express malice' of 'convincing clarity', chooses to publish defamatory falsehoods about such public figure. Thus, we are compelled to affirm the judgment appealed."

The Court further held as follows:

> " . . . Under the first and fourteenth amendments to the United States Constitution, plaintiff must prove (with convincing clarity) that defendants ran the story with express malice, i.e. 'the publication involved was deliberately falsified or published recklessly despite the publisher's awareness of probable falsity."

This Court finds whether "moonlighting or not during alleged libels, the public official status remains.

9. In *Wefler v. Indianapolis Newpaper,* supra, where the patrolman was held to be a public offical under *New York Times,* the Court considered then *Curtis v. Butts,* 388 U.S. 153 (1976), i.e., "plaintiffs have the burden to prove, by proof of convincing clarity, "a calculated falsehood". In other words, the Court finds that the plaintiff must prove the defendant "knew it was false or had serious doubts (reckless disregard as to its truth)."

10. The next question for this Court to consider is whether the allegations contained in the complaints sufficiently state a cause of action with public officials and the Court finds that in *West v. Florida*

*Publishing Co.* (Duval CC 1967) 29 Fla.Supp. 192, where the Court dismissed the complaint and held that:

" . . . where it is apparent from the papers filed with the complaint or from the language of the complaint itself that the plaintiff is a public official or a public figure, it then becomes his duty to allege *facts* sufficient to comply with the case (my emphasis). As is stated in that case such officials may recover only when 'they could prove that the publication involved was deliberately falsified or published recklessly despite the publisher's awareness of probable falsity.''

11.   In *Cobb v. Florida Publishing Co.* (Duval CC 1967) 29 Fla.Supp. 189 the Court held, among other matters, that factual matters should be alleged which would cause the qualified privilege to be inoperative or lost. Therefore, to state a cause of action the complaint must allege facts which negate the existence of the qualified privilege or allege the portions of said article which plaintiff contends are false and further allege that said newspaper article was published with actual malice on the part of the defendant or with reckless disregard as to whether it was false or not. In that case, the court held that the complaint failed to state a cause of action in its present form.

12.   This Court is fully aware that the Plaintiffs in the respective complaints allege that the Defendants knew that the allegations were false but that is an ultimate conclusion by itself without some factual situation and would require a somewhat additional matter of actual malice facts.

13.   This Court deems that the mere bare allegation of "knowing falsity" in insufficient without some factual allegation as the basis therefor.

14.   The Court having considered the aforesaid, measuring the complaint in each of the cases here by the above standards, this Court finds that the Defendants' motion in the respective cases should be granted, and accordingly it is

ORDERED AND ADJUDGED:

The Defendants' Motions to Dismiss the Complaint in Case No. 81-7923-CA and in Case No. 81-8329-CA, be and the same are hereby granted and the complaints in the respective cases be and the same are hereby dismissed without prejudice and each Plaintiff may file amended complaints within 20 days from the date hereof and the Defendants shall have 20 days after service of the amended complaints within which to plead as deemed advised.