303 So.2d 650 (1974)
Jerry HELTON, Appellant,
v.
UNITED PRESS INTERNATIONAL, a Foreign Corporation, Appellee.
No. V-322.
District Court of Appeal of Florida, First District.
November 7, 1974.
Rehearing Denied December 13, 1974.
*651 J.W. Cheatham of Brian T. Hayes Law Offices, Tallahassee, for appellant.
C. Gary Williams of Ausley, McMullen, McGehee, Carothers & Proctor, Tallahassee, for appellee.
RAWLS, Chief Judge.
By a complaint sounding in defamation, plaintiff Helton prayed that compensatory and punitive damages be assessed against defendant, U.P.I. The trial court rendered a scholarly summary judgment in favor of defendant U.P.I.; hence this appeal by plaintiff.
The summary judgment at the time same was entered on the 19th day of March, 1974, fully reviewed and applied the rule of law enunciated by the United States Supreme Court in New York Times v. Sullivan, 376 U.S. 254, 84 S.Ct. 710, 11 L.Ed.2d 686 (1964); Curtis Publishing Co. v. Butts, 388 U.S. 130, 87 S.Ct. 1975, 18 L.Ed.2d 1094 (1967); Rosenbloom v. Metromedia, 403 U.S. 29, 91 S.Ct. 1811, 29 L.Ed.2d 296 (1971); Damron v. Ocala Star-Banner Co., 263 So.2d 291 (1 Fla. App. 1972); and Garrison v. Louisiana, 379 U.S. 64, 85 S.Ct. 209, 13 L.Ed.2d 125 (1964). The trial court summarized its final summary judgment by holding:
"Finally, plaintiff can only sustain his action upon clear and convincing proof of actual malice or that the publication was made with a reckless disregard of whether it was false or not."
Had the Federal Supreme Court adhered to the decisions relied upon by the trial court, this instant appeal would have been affirmed by this Court. But such is not the case.
In the case of Gertz v. Welch, 418 U.S. 323, 94 S.Ct. 2997, 41 L.Ed.2d 789 (1974),[1] the Federal Supreme Court scrivened an epilogue to those decisions analyzed and applied by the trial court. According to Gertz, the doctrine of "public or general issue" is no longer available to the media as a defense in a defamation suit by a citizen who is neither a public official or a public figure. Defamation plaintiffs that are neither public officials nor public figures[2] are no longer required to prove knowledge of falsity or reckless disregard for the truth as apparently was required by the progenitors of Gertz. However, damages must be restricted to compensating private individuals for injury to reputation in those cases where knowledge of falsity or reckless disregard for the truth is not proven.
The judgment appealed is reversed with directions to set aside the final summary judgment and for further proceedings consonant with this opinion and the opinion of the Federal Supreme Court in Gertz v. Welch, supra.
Reversed and remanded for further proceedings.
JOHNSON and SPECTOR, JJ., concur.
NOTES
[1] In moving for the summary final judgment, defendant U.P.I. strongly relied upon Gertz v. Welch opinion rendered by the Seventh Circuit Court of Appeals, 471 F.2d 801 (7th Cir.1972), stating in its brief, "The closest case on point appears to be Gertz v. Welch... ." This is the same Gertz that the U.S. Supreme Court reversed.
[2] Plaintiff Helton clearly is not a "public official or a public figure".