359 So.2d 580 (1978)
Hersh KARP et al., Appellants,
v.
The MIAMI HERALD PUBLISHING COMPANY, Etc., Appellees.
No. 77-1556.
District Court of Appeal of Florida, Third District.
June 13, 1978.
*581 Retter & Sack, Miami, for appellants.
Paul & Thomson and Sanford L. Bohrer, Miami, for appellees.
Before PEARSON, HENDRY and HUBBART, JJ.
PER CURIAM.
The appellants, Hersh Karp and Ogenia Karp, brought an action against the appellee, The Miami Herald Publishing Company, for damages in libel. After extensive discovery, the trial judge entered a summary final judgment for the defendant newspaper publisher. The trial judge noted that summary judgment is especially appropriate in libel cases where the facts are not essentially in dispute because of the chilling effect of libel suits upon First Amendment freedoms. See Washington Post Company v. Keogh, 125 U.S.App.D.C. 32, 365 F.2d 965 (1966).
The applicable law as set out by the trial judge has been agreed to by the parties in their briefs.[1]
There remains for determination only the question of whether the evidentiary facts before the trial judge on the motion for summary judgment conclusively show: (1) that it appears without genuine issue that the published statements were true, or (2) that it appears without genuine issue that the newspaper was not negligent.
It appears without controversy that the newspaper reporter was called by an officer of the Immigration and Naturalization Service who gave to the reporter information pertaining to the plaintiffs. It further appears that the officer was well known to *582 the reporter and had given the reporter accurate information in the past. The substance of the newspaper article was that the plaintiffs faced deportation after being "charged" by Immigration officials with illegally entering this country. The plaintiffs showed that no charges were actually filed. The immigration official stated in his deposition that the published article accurately reflected the facts that he gave the reporter. The noted discrepancy in the matter of a charge is not material in that the immigration official stated that proceedings for an investigation were under way. The dissemination of the information was pursuant to the policy of the Immigration Service. It also appears without conflict that the reporter made reasonable efforts to contact the plaintiffs for their version of the circumstances prior to publication.
Based upon this state of the record, the trial judge correctly held, under the applicable law, that there was no genuine issue of material fact concerning the absence of negligence.
Affirmed.
NOTES
[1] "1. To recover compensatory or actual damages under the United States Supreme Court holding in Gertz v. Welch, 418 U.S. 323, [94 S.Ct. 2997, 41 L.Ed.2d 789] (1974), Plaintiffs are required to show the alleged defamatory statements were false, and in addition, that Defendant acted with some degree of fault in the writing and publication of the article. In Firestone v. Time, Inc., 305 So.2d 172 (Fla. 1974), rev'd, 424 U.S. 448, [96 S.Ct. 958, 47 L.Ed.2d 154] (1976), Order on Mandate, 332 So.2d 68 (Fla. 1976), it was held the degree of fault applicable to defamation cases brought by private plaintiffs in negligence."