GLICKSTEIN, Judge.
Ronald Lehman Bair appeals an adverse summary final judgment. Bair was employed from May, 1974 to December, 1974 as the out-patient coordinator by Link Foundation, a non-profit corporation concerned with drug abuse, and an arm of a public agency known as the Alcohol and Drug Abuse Council. Link replied upon charitable contributions and federal funding to accomplish its purpose.
Appellant alleged in his third amended complaint that appellee, Marvin W. Clark, who was the Executive Director of Link, told two reporters for Palm Beach newspapers the following:
1. Appellant’s termination of employment by Link was the result of “... misrepresentation upon his application for employment.”
2. Appellant “either does not hold at all” the degrees he submitted when hired or they “all are from unaccredited schools.”
3. Appellant “has been under investigation since he was employed six or seven months ago, but the authenticity of his credentials had been difficult to determine because they were well hidden.”
4. Appellant’s termination was “... just one of the skeletons in the closet that had to be shook loose.”
*927 5. Appellant “to our knowledge not a doctor of anything.” ... is
6. Appellant’s school, Zion Theological Seminary, was “... an unlicensed, unaccredited school run from a private residence” and “the only accreditation it holds it gave itself under the name of the American Association of Christian Education.”
7. Appellant’s honorary degree was from an institution about which “Directory assistance in Cleveland could find no listing for the school” and “Inquiries about the Institute to Ohio officials have not been answered.”
The third amended complaint also alleged that the above allegations were false but were published nevertheless in the reporters’ respective newspapers, that appellee Clark knew or should have known that they were false, that Clark maliciously and wantonly sought to defame and injure appellant when he made the statements, and that the false and defamatory statements made by Clark caused appellant to lose his private counseling service and to suffer impairment of his reputation.
The deposition of appellee Clark reflects that the above statements were, in fact, made at the time of appellant’s termination of employment with Link. In their answer appellees had raised by affirmative defense that the statements were true, privileged, and made with good motive and without malice.
Appellant contends that the record establishes him to be a “private individual.” As such, he would not have to establish actual malice in order to recover. Gertz v. Robert Welch, Inc., 418 U.S. 323, 94 S.Ct. 2997, 41 L.Ed.2d 789 (1974). By actual malice we mean statements made with knowledge that they were false or with reckless disregard of whether they were false or not. New York Times Co. v. Sullivan, 376 U.S. 254, 84 S.Ct. 710, 11 L.Ed.2d 686 (1964); St. Amant v. Thompson, 390 U.S. 727, 88 S.Ct. 1323, 20 L.Ed.2d 262 (1968). See also Helton v. United Press International, 303 So.2d 650 (Fla. 1st DCA 1974).
Appellees contend that appellant was a “public figure”; therefore it was incumbent upon appellant to establish actual malice in order to recover. By public figure we mean one who has commanded a substantial amount of public interest by his position alone, or one who has thrust himself by purposeful activity into the vortex of an important public controversy. Curtis Publishing Co. v. Butts, 388 U.S. 130, 87 S.Ct. 1975, 18 L.Ed.2d 1094 (1967) (plurality opinion, Harlan, J.). See also Wolston v. Reader’s Digest Ass’n, 443 U.S. 157, 99 S.Ct. 2701, 61 L.Ed.2d 450 (1979).
We agree with appellant that he was a private individual. Although he held an important administrative position with a publicly supported foundation whose purpose was to respond to two of the most critical social problems of our time, drug abuse and alcoholism; we believe that the language of Wolston, supra, is apropos sub judice:
A private individual is not automatically transformed into a public figure just by becoming involved in or associated with a matter that attracts public attention.
* * * * * *
A libel defendant must show more than mere newsworthiness to justify application of the demanding burden of New York Times. See Time, Inc. v. Firestone, 424 U.S. [448] at 454, 96 S.Ct. 958, 965, 47 L.Ed.2d 154. 443 U.S. at 167-168, 99 S.Ct. at 2708.
See also Hutchinson v. Proxmire, 443 U.S. 111, 135, 99 S.Ct. 2675, 2688, 61 L.Ed.2d 411 (1979), where the court held:
Neither .. . [the research scientist’s] applications for federal grants nor his publications in professional journals can be said to have invited that degree of public attention and comment on his receipt of federal grants essential to meet the public figure level.
These two relatively recent cases underscore the proposition that general participation in a controversial activity or occupation will not transform a previously obscure private individual into a public figure ab *928 sent the individual voluntarily thrusting himself into the public forum. And “those charged with defamation cannot, by their own conduct, create their own defense by making the claimant a public figure. See Wolston v. Reader’s Digest Assn., Inc., post, at [443 U.S.] 167-168 [99 S.Ct. 2708].” Hutchinson, supra, at 443 U.S. 135, 99 S.Ct. 2688.
In conclusion, we reverse the summary final judgment and remand to the trial court for proceedings not inconsistent with this opinion.
REVERSED AND REMANDED.
LETTS, C. J., and DOWNEY, J., concur.