426 So.2d 45 (1982)
The TRIBUNE COMPANY, a Corporation, Paul Hogan, Managing Editor, Joseph Registrato, City Desk Editor, and William Sloat, Appellants/Cross-Appellees,
v.
Leonard D. LEVIN, General Energy Devices, Inc., Appellees/Cross-Appellants.
No. 81-1361.
District Court of Appeal of Florida, Second District.
December 1, 1982.
Rehearings Denied January 24, 1983.
T. Paine Kelly, Jr., W.S. Rodgers, Jr., and Ted R. Maney, III, of MacFarlane, Ferguson, Allison & Kelly, Tampa, for appellants/cross-appellees.
O. Stephen Thacker, Clearwater, John R. Ferguson of Peabody, Lambert & Meyers, Washington, D.C., C. Michael Deese of Webster, Chamberlain & Bean, Washington, D.C., for appellees/cross-appellants.
PER CURIAM.
A jury awarded plaintiffs/appellees compensatory and punitive damages for appellants' publication of defamatory newspaper articles concerning appellees' business and personal activities. After a poll of the jury disclosed that not all the jurors were in agreement on the award of punitive damages, the trial court struck that portion of the verdict. The trial court entered judgment accordingly.
Appellants seek reversal of the judgment for compensatory damages on several grounds, and appellees seek to reinstate the award of punitive damages. We have examined each of the points on the appeal and cross-appeal and find no reversible error; however, one point urged by appellants merits discussion.
The trial court determined that appellees, who were in the business of manufacturing and selling solar energy devices, were not public figures. From our review of the record, we think the court was correct. See Gertz v. Robert Welch, Inc., 418 U.S. 323, 94 S.Ct. 2997, 41 L.Ed.2d 789 (1974); Bruno & Stillman, Inc. v. Globe Newspaper Co., 633 F.2d 583 (1st Cir.1980). But cf. Steaks Unlimited, Inc. v. Deaner, 623 F.2d 264 (3d Cir.1980). Having determined that appellees were not public figures, the trial court *46 refused appellants' request to instruct the jury that it was necessary for appellees to establish that the alleged defamatory statements sued upon were published with "actual malice," that is, either with knowledge of their falsity, or with reckless disregard of their truth or falsity, as defined in New York Times Co. v. Sullivan, 376 U.S. 254, 84 S.Ct. 710, 11 L.Ed.2d 686 (1964). Instead, the court instructed the jury that appellees could recover compensatory damages by proving that appellants published the alleged defamatory statements with negligence. Again, we think the trial court ruled correctly.
We agree with the majority opinion by Chief Judge Hubbart in Miami Herald Publishing Co. v. Ane, 423 So.2d 376 (Fla. 3d DCA, 1982) (Hendry, J., dissenting). There, the Third District Court of Appeal rejected the newspaper's contention that a private plaintiff must establish that the defamatory statement was published with actual malice. Instead, the court held that Florida follows the federal law and applies negligence as the standard for recovery of compensatory damages by a private plaintiff who is neither a public official nor a public figure in a defamation suit. See Time, Inc. v. Firestone, 424 U.S. 448, 96 S.Ct. 958, 47 L.Ed.2d 154 (1976); Gertz v. Robert Welch, Inc.; Karp v. Miami Herald Publishing Co., 359 So.2d 580 (Fla. 3d DCA), appeal dismissed, 365 So.2d 712 (Fla. 1978); Helton v. United Press International, 303 So.2d 650 (Fla. 1st DCA 1974).
The Third District Court of Appeal concluded that the issue is one of "great public importance" and certified its decision to the supreme court so as to permit further review under Article V, section 3(b)(4) of the Florida Constitution.
Appellants herein should have the same opportunity; accordingly, we certify to the supreme court that our decision approving that same standard of negligence as a basis for recovery by private individuals in defamation actions is an issue of "great public importance."
OTT, C.J., and SCHEB and SCHOONOVER, JJ., concur.