## PATTERSON v. THE TRIBUNE COMPANY
### Case No. 82-12389
Thirteenth Judicial Circuit, Hillsborough County
August 3, 1983

Peter N. Macaluso, for plaintiffs.

C. Steven Yerrid, Marilyn J. Holifield, Holland & Knight, for defendant.

J. C. CHEATWOOD, Circuit Judge

This cause came to be heard on The Tribune Company's Motion for Summary Judgment. In this libel action, the plaintiff, Pat Patterson,

d/b/a Unique Map Company, complained of an article published on June 14, 1982, in the "Police Log" section of *The Tampa Tribune.* The article reported a complaint filed by Phillip Landel with the Pasco County Sheriff's Office and was based entirely on information disseminated by the Pasco County Sheriff's Office during an official briefing of media representatives.

In support of its motion for summary judgment The Tribune Company, publisher of *The Tampa Tribune,* relies on affidavits of a reporter, Sharon Hamric, and Deputy Sheriff William Rowan. No affidavits were filed by the plaintiff, and the facts are not in dispute.

The reporter wrote the article based entirely on information released to her at an official briefing of media representatives by Deputy Sheriff William Rowan of the Pasco County Sheriff's Office. The reporter had considerable experience with the sheriff's office as a reliable source of information. Lieutenant Rowan's affidavit confirms that the article is an accurate summary of the information he provided at that briefing. Therefore, The Tribune Company may rely upon the official action privilege for republishing the information received from this agency. *O'Neal v. The Tribune Co.,* 176 So.2d 535 (Fla. 2d DCA 1965); and *Karp v. Miami Herald Publishing Co.,* 359 So.2d 580 (Fla. 3d DCA 1978), *cert. dismissed.* 365 So.2d 712 (Fla. 1978).

No negligence on the part of the Defendant has been alleged or established and it cannot be liable on the facts presented. *Gertz v. Welch,* 418 U.S. 323. It is thereupon;

ADJUDGED and ORDERED that The Tribune Company's Motion for Summary Judgment be and the same is hereby granted. The plaintiff shall take nothing by his complaint and the defendant shall go hence without day.