458 So.2d 243 (1984)
The TRIBUNE COMPANY, Paul Hogan, Joseph Registrato, and William Sloat, Petitioners,
v.
Leonard D. LEVIN and General Energy Devices, Inc., Respondents.
No. 63217.
Supreme Court of Florida.
September 13, 1984.
Rehearing Denied November 27, 1984.
*244 Sanford L. Bohrer and Charles V. Senatore of Thomson, Zeder, Bohrer, Werth, Adorno & Razook, Miami, for petitioners.
O. Stephen Thacker of Wilder & Thacker, Clearwater, John R. Ferguson of Peabody, Lambert & Meyers, and C. Michael Deese of Webster, Chamberlain & Bean, Washington, D.C., for respondents.
Parker D. Thomson of Paul & Thomson, Miami, amicus curiae for The Miami Herald Pub. Co.
Joseph W. Little, Gainesville, for amicus curiae.
PER CURIAM.
We have before us Tribune Co. v. Levin, 426 So.2d 45 (Fla. 2d DCA 1982), pursuant to a certified question of great public importance from the Second District Court of Appeal: whether the negligence standard [as applied in Miami Herald Publishing Co. v. Ane, 423 So.2d 376 (Fla. 3d DCA 1982)] is appropriate as a basis of recovery in a defamation suit brought by a private plaintiff against a newspaper. We have jurisdiction pursuant to article V, section 3(b)(4), Florida Constitution.
The Tampa Tribune published two articles about Levin's personal activities and his business activities with General Energy Devices, Inc., a solar heating manufacturer. Levin and the company as co-plaintiffs brought a libel action and got a jury award of compensatory and punitive damages. After a jury poll revealed that not all the jurors agreed regarding the punitive damages award, the trial court struck that portion of the verdict and entered judgment on the compensatory award. The district court affirmed, finding that the trial court properly instructed the jury on the negligence standard, and that actual malice on the part of the newspaper was not required for the plaintiffs to recover compensatory damages. In so holding, the Second District Court agreed with the Third District Court in Miami Herald Publishing Co. v. Ane, 423 So.2d 376 (Fla. 3d DCA 1982). In Ane the Third District Court of Appeal certified the following question:
[W]hether a plaintiff [who is neither a public official nor public figure] in a libel action is required under Florida law to establish as an element of his cause of action that the defendant published the alleged false and defamatory statements sued upon with "actual malice" as defined in New York Times Co. v. Sullivan, 376 U.S. 254, 84 S.Ct. 710, 11 L.Ed.2d 686 (1964) [i.e., either with knowledge of [their] falsity or with reckless disregard of [their] truth or falsity] when the alleged false and defamatory statements relate to an event of public or general concern.
Ane, 423 So.2d at 378. In our decision today in Ane, 458 So.2d 239 (Fla. 1984), we answered the certified question therein in the negative and approved the district court's application of the negligence standard. Accordingly, we answer the instant question affirmatively and approve the decision of the district court.
It is so ordered.
BOYD, C.J., and ADKINS, OVERTON, ALDERMAN and SHAW, JJ., concur.
McDONALD, J., dissents with an opinion, in which EHRLICH, J., concurs.
*245 McDONALD, Justice, dissenting.
I believe that a commercial enterprise engaged in marketing and selling goods or services to the public, for libel purposes, is on the same footing as a public figure or public official. Hence, such a commercial corporation, or a person conducting such a public commercial enterprise, should have no action for libel arising from a news account of that concern's public undertakings unless there is proof that the news account was published with actual malice or reckless disregard of the truth.
The rights afforded a private person for his private affairs should not extend to a commercial enterprise dealing publicly. The public has a right to know of the character and activities of such a business undertaking. It becomes a matter of public concern. The media can and should address and report the conduct of those concerns dealing commercially with the public. The United States Supreme Court in Bose Corp. v. Consumers Union of United States, Inc., ___ U.S. ___, 104 S.Ct. 1949, 80 L.Ed.2d 502 (1984), had no difficulty in recognizing that a manufacturer and seller of sound equipment was a "public figure" for libel purposes. That court applied the New York Times standard[*] in that instance. I see no difference between the activity of these plaintiffs dealing with solar energy in commercial trade and that of Bose's dealing in sound equipment. Both had voluntarily ventured into the public light by "going public" with their products.
In our free enterprise system a free and open exchange of information serves the best interest of the public. The reporting of commercial events should not be inhibited by visiting a law suit on the news media because of an inadvertent error in a news story, even when accompanied by negligence. In my view the standard adopted by the majority in this case will greatly retard investigative reporting of commercial enterprises. It should not be.
There was no proof of actual malice or reckless disregard for the truth on the part of the Tribune or its reporter. Judgments should be entered for these defendants.
EHRLICH, J., concurs.
NOTES
[*] New York Times v. Sullivan, 376 U.S. 254, 84 S.Ct. 710, 11 L.Ed.2d 686 (1964).