THE EMPLOYERS' LIABILITY ASSURANCE CORPORATION

*v.*

HARTFORD ACCIDENT AND INDEMNITY COMPANY

*and*

JEWELL RIDGE COAL CORPORATION

(No. 12651)

Submitted September 26, 1967. Decided December 21, 1967.

*Burton & Burkett, Walter W. Burton, Billy E. Burkett, Ben B. White, Jr.,* for appellant.

*Hudgins, Coulling & Brewster, Paul S. Hudgins, Jerry J. Cameron,* for appellee.

HAYMOND, JUDGE:

In this declaratory judgment action instituted in the Circuit Court of McDowell County on June 25, 1965, the plaintiff, The Employers' Liability Assurance Corporation, hereinafter sometimes referred to as Employers, seeks relief from its coverage obligation under an insurance policy issued by it to the defendant, Jewell Ridge Coal Corporation, hereinafter sometimes referred to as Jewell Ridge and to require the defendant, Hartford Accident and Indemnity Company, hereinafter sometimes referred to as Hartford, to provide insurance coverage to the defendant Jewell Ridge Coal Corporation under an insurance policy issued by the defendant Hartford Accident and Indemnity Company to Superior Pocahontas Mining Company, Inc., a corporation, hereinafter sometimes referred to as Superior, and to determine the relative rights of the respective parties under such policies of insurance.

By judgment rendered March 12, 1966, the circuit court overruled the motion of the defendant Hartford Accident and Indemnity Company for summary judgment in its favor and by summary judgment required it to defend and afford coverage to the defendant Jewell Ridge Coal Corporation in certain civil actions pending against that defendant in that court; and by summary judgment rendered June 21, 1966, the circuit court held, without any motion for summary judgment by the plaintiff Employers' Liability Assurance Corporation, that the plaintiff is not liable to Jewell Ridge Coal Corporation with respect to the claims involved in

the foregoing civil actions and is not required to defend it in such actions.

The complaint of the plaintiff alleged that it issued a general liability insurance policy to the defendant Jewell Ridge for the period July 21, 1962 to July 21, 1965; that during the time the policy was in effect an accident occurred in McDowell County, West Virginia, on August 18, 1964, in which Elwood Lelan Mullins and David Wayne Patrick were killed by coming in contact with a high voltage electric power line on real estate under lease to Superior, which was being managed by the defendant Jewell Ridge; that Jewell Ridge was notified immediately of and investigated the accident but did not notify the plaintiff of such accident until after actions were instituted in the Circuit Court of McDowell County on January 8, 1965, by the personal representatives of Mullins and Patrick against Superior; that Jewell Ridge was made a third party defendant in those actions by process issued March 26, 1965; that Jewell Ridge then for the first time notified the plaintiff of the accidents and the claims involved in such actions; that the policy issued by the plaintiff to Jewell Ridge contained the provision that "When an occurrence takes place, written notice shall be given by or on behalf of the insured to the company or any of its authorized agents as soon as practicable."; that because of the delay upon the part of Jewell Ridge in reporting the accidents to the plaintiff it is not liable to Jewell Ridge or to any other person or persons under the policy and is not required to take any action with respect to the claims arising from the accident.

The complaint also alleged, on information and belief, that the defendant Hartford had issued a general liability insurance policy to Superior, which extended coverage to "any organization * * * with respect to real estate management for the named insured."; that at the time of the accident the policy issued by the defendant Hartford was in force and effect and that

by virtue of the real estate management by Jewell Ridge for the named insured the policy afforded its full protection to Jewell Ridge. The prayer of the complaint was that the court decree that the plaintiff is not obligated under its insurance policy to the defendant Jewell Ridge with respect to the accident and that it be relieved from any obligation to conduct any defense for Jewell Ridge, that the court further decree that the defendant Hartford give insurance coverage to Jewell Ridge under the policy issued by it to Superior, and that the court determine the rights of the parties in this proceeding and grant to the plaintiff such other relief as may be proper.

The foregoing complaint, upon motion of the plaintiff, by order entered March 12, 1966, was amended by the addition of the allegation that the insurance policy issued by the defendant Hartford likewise affords coverage to any agent of Superior, and that by virtue of the fact that Jewell Ridge was acting as agent for Superior the policy afforded full protection to Jewell Ridge.

The defendant Hartford filed its answer to the complaint and in such answer denied that Mullins and Patrick were killed on real estate under lease to Superior and denied that such real estate was being managed by the defendant Jewell Ridge and alleged that such real estate was under lease by the New River and Pocahontas Coal Company to Mullins. The answer also denied that the policy of insurance issued by it to Superior afforded any coverage to Jewell Ridge because that corporation was not managing real estate on behalf of Superior at the time the accident occurred. The answer also denied that it was subject to any primary responsibility with respect to such accident and alleged that the plaintiff was solely responsible to defend Jewell Ridge.

The answer of the defendant Hartford, on its motion, by order entered May 11, 1966, was amended by the

addition of the allegation that the defendant Hartford denied that its policy of insurance affords coverage to any agent of Superior and that action by Jewell Ridge as agent for Superior would not of itself entitle Jewell Ridge to any protection under such policy.

The defendant Jewell Ridge also filed an answer to the complaint in which it admitted the allegation in the complaint that Mullins and Patrick died in McDowell County, West Virginia, but alleged that it was not advised that the real estate on which they died was under lease to Superior but that if their deaths occurred on real estate under lease to Superior such real estate at the time was managed by the defendant Jewell Ridge; that Jewell Ridge is insured and covered by the policy issued to it by the plaintiff Employers or was covered by the policy issued by the defendant Hartford. The answer also denied that the plaintiff was relieved of liability to defend Jewell Ridge and alleged that the plaintiff was notified within a reasonable time of the occurrence of the accident and that it is required to comply in all respects with the provisions in the policy issued by it. The answer, however, did not deny the allegation of the complaint that the accident happened August 18, 1964 but that Jewell Ridge did not notify the plaintiff of its occurrence until shortly after March 26, 1965 when Jewell Ridge was made a party to the actions which were originally instituted against Superior on January 8, 1965. That undenied allegation shows that Jewell Ridge did not give notice to the plaintiff until more than seven months after the accident occurred. In *Ragland v. Nationwide Mutual Insurance Company*, 146 W. Va. 403, 120 S.E. 2d 482, this Court held that a delay of five months did not satisfy the requirement that notice be given to the insurer of all accidents "as soon as practicable", which requirement is identical with that contained in the policy issued by the plaintiff to Jewell Ridge, and in the syllabus said "A provision in an automobile liability insurance policy requiring insured, or some-

one on his behalf, to give notice to the insurer of all accidents 'as soon as practicable', requires the giving of notice within a reasonable time and a delay of five months in the giving of notice to the insurer of a fatal accident does not, under ordinary circumstances, satisfy such requirement and the insurer is relieved of liability under the terms of the policy.''

After due notice to the plaintiff and the defendant Jewell Ridge, the defendant Hartford moved the circuit court on August 18, 1965, pursuant to Rule 56 (b) of the West Virginia Rules of Civil Procedure, for summary judgment in its favor. The motion was submitted upon the pleadings, the policies of insurance, copies of leases from New River and Pocahontas Consolidated Coal Company of tracts of land duly assigned to Elwood Lelan Mullins, the deposition of Ben B. White, Jr., Attorney for Hartford, the interrogatories to and the answers of Ben B. White, Jr., Attorney for Hartford, and the transcript of the proceedings upon such motion for summary judgment, all of which were duly filed as a part of the record in this action.

By order entered March 12, 1966, the circuit court found (1) that Jewell Ridge was the agent of Superior, under the terms of the policy issued by the defendant Hartford and that coverage should be afforded to the defendant Jewell Ridge by the defendant Hartford by the terms of the policy and (2) that the defendant Jewell Ridge was the owner of a policy issued by the plaintiff but as the circuit court had not had an opportunity to examine the policy it took time to consider of its judgment as to whether the plaintiff is required to defend and cover the defendant Jewell Ridge. By the same order the circuit court also overruled the motion of the defendant Hartford for summary judgment in its favor and by summary judgment held that the defendant Hartford is required to defend and afford coverage to the defendant Jewell Ridge in the pending civil actions of the Administratrix of David Wayne Patrick v. Superior Pocahontas Mining Company, Inc.,

and of the Administrator of Elwood Lelan Mullins v. Superior Pocahontas Mining Company, Inc., and continued the matter of the notice requirements of the defendant Jewell Ridge under the policy issued by the plaintiff. To the foregoing action of the circuit court the defendant Hartford objected and reserved its exceptions.

By subsequent order entered June 21, 1966, the circuit court found that the defendant Jewell Ridge did not comply with the notice requirement in the policy issued by the plaintiff to that defendant and that the plaintiff is not liable to the defendant Jewell Ridge or to any other person or persons with respect to the accident to Mullins and Patrick and is not required to defend the actions instituted by their personal representatives against the defendant Jewell Ridge and, without any motion by the plaintiff for summary judgment, rendered such judgment in favor of the plaintiff. To the action of the circuit court the defendants Hartford and Jewell Ridge objected and reserved their exceptions.

From the final judgment of June 21, 1966 this Court granted this appeal and supersedeas upon the application of the defendant Hartford Accident and Indemnity Company.

On March 21, 1967, after the foregoing appeal was granted by this Court the plaintiff Employers filed a motion in this Court to dismiss the appeal as improvidently awarded on these grounds: (1) Hartford failed to make or serve a motion for a new trial within ten days after the entry of the judgment of June 21, 1966, as required by Rule 59 (b) of the West Virginia Rules of Civil Procedure; and (2) Hartford failed to give notice of the filing of the transcript of the proceeding, as required by Rule 80 (c) of the West Virginia Rules of Civil Procedure.

The defendant Hartford assigns as error the action of the circuit court (1) in rendering its judgment of

June 21, 1966 in favor of the plaintiff which holds that the plaintiff Employers was not liable to the defendant Jewell Ridge under the policy which it issued to Jewell Ridge and was not required to defend Jewell Ridge in the civil actions pending in the Circuit Court of McDowell County by the personal representatives of Mullins and Patrick in the absence of any motion by the plaintiff for the entry of such judgment; (2) in entering the orders of May 11, 1966 and March 12, 1966 which require the defendant Hartford to defend and afford coverage to the defendant Jewell Ridge in the pending civil actions without any motion justifying such orders; and (3) in failing to hear evidence on the question whether the defendant Jewell Ridge was, in fact, engaged in real estate management for Superior and in ruling, as a matter of law, that the defendant Jewell Ridge was a real estate manager for Superior.

The initial questtion for determination is whether, upon motion of the plaintiff, this appeal should be dismissed as improvidently awarded for any of the reasons assigned in support of its motion to dismiss.

Rule 59 relating to new trials provides, to the extent here pertinent, that (a) A new trial may be granted to all or any of the parties and on all or part of the issues (1) in an action in which there has been a trial by jury, for any of the reasons for which new trials have heretofore been granted in actions at law; and (2) in an action tried without a jury, for any of the reasons for which re-hearings have heretofore been granted in suits in equity; and (b) that a motion for a new trial shall be served not later than ten days after the entry of the judgment.

Whether a motion for a new trial within the meaning of Rule 59 is required with respect to a hearing on a motion for summary judgment, under Rule 56, depends upon whether trial as used in Rule 59 should be given a comprehensive or a restricted meaning.

A correct comprehensive definition of trial, supported by decisions of some courts in other jurisdictions, appears in Black's Law Dictionary, 4th edition, at page 1675, in this language: "A judicial examination, in accordance with law of the land, of a cause, either civil or criminal, of the issues between the parties, whether of law or fact, before a court that has jurisdiction over it." The foregoing definition is much wider in its scope than trial as used in Rule 59 and as so used and within its restricted meaning trial does not embrace or apply to a hearing upon a motion for a summary judgment under Rule 56. This Court does not disapprove the foregoing general and comprehensive definition of trial but is of the opinion that it does not apply to, embrace or import the same meaning as the less comprehensive and more restricted meaning intended by trial as used in Rule 59.

In considering the scope of a trial with respect to summary judgments under Rule 56, this Court has held that the summary judgment proceeding provided by Rule 56 of the West Virginia Rules of Civil Procedure, which, to the extent here pertinent, is practically identical with Rule 56 of the Federal Rules of Civil Procedure, is not a substitute for a trial or a trial by a jury or by the court of an issue of fact, but is a determination that, as a matter of law, there is no issue of fact to be tried. Point 7, syllabus, *Petros v. Kellas,* 146 W. Va. 619, 122 S.E. 2d 177; *Aetna Casualty and Surety Company v. Federal Insurance Company of New York,* 148 W. Va. 160, 133 S.E. 2d 770; *Hatten v. Mason Realty Company,* 148 W. Va. 380, 135 S.E. 2d 236; *Deane v. Kirsch,* 148 W. Va. 429, 135 S.E. 2d 295. See also 3 Barron and Holtzoff, Federal Practice and Procedure, Chapter 11, Section 1234, page 137; 6 Moore's Federal Practice, 56.04[1], pages 2060, 2061; Lugar and Silverstein, West Virginia Rules, pages 428, 432-437; *Sartor v. Arkansas Natural Gas Corporation,* 321 U. S. 620, 64 S. Ct. 724, 88 L. Ed. 967; *Kirkpatrick v. Consolidated Underwriters,* 4th cir., 227

F. 2d 228; *Pierce v. Ford Motor Company,* 4th cir., 190 F. 2d 910.

The question for decision on a motion for summary judgment is whether there is a genuine issue of fact and not how that fact should be determined. The hearing on a motion is not a trial. If it appears that there is a genuine issue to be tried the motion is denied and the case is allowed to proceed to trial in the usual way. 3 Barron and Holtzoff, Federal Practice and Procedure, Chapter 11, Section 1234, pages 122, 123.

The summary judgment proceeding governed by Rule 56 of the West Virginia Rules of Civil Procedure is not a trial within the meaning of Rule 59 of the West Virginia Rules of Civil Procedure and the provision of Rule 59 (b) that a motion for a new trial shall be served not later than ten days after the entry of judgment does not apply to a summary judgment proceeding.

Likewise the provision of Rule 80 (c) of the West Virginia Rules of Civil Procedure that when a transcript of the proceedings had and testimony taken at a trial is filed with the court, the party causing it to be filed shall promptly give notice thereof to all other parties, applies only to a transcript of the proceedings had and testimony taken at *a trial* of issues of fact on the merits and does not apply to a transcript of the proceedings had and testimony taken at a hearing in a summary judgment proceeding which is not a trial within the meaning of Rule 59 of the West Virginia Rules of Civil Procedure. In commenting upon Rule 80 of the West Virginia Rules of Civil Procedure, Lugar and Silverstein, West Virginia Rules, at page 525, used this language: ''When a transcript of the proceedings had and testimony taken at *a trial* is filed with the court, the party causing it to be filed must promptly give notice thereof to all other parties. Rule 80 (c). This subdivision applies only to such transcripts and does not apply to transcripts of the pro-

ceeding had and testimony taken at a hearing whether before a court or before a commissioner.'' The purpose of the rule, as stated by its draftsman, was to confine the notice required by the rule to transcripts of proceedings had on trial of issues of fact on the merits of a case. On that point he has said ''The omission of a similar requirement when a transcript of a 'hearing' is filed was an intentional omission rather than an inadvertent omission. The requirement of giving notice should be confined to transcripts of proceedings had on *trial on the merits.*'' Lugar and Silverstein, West Virginia Rules, Footnote 5, page 525.

In support of its motion to dismiss this appeal as improvidently awarded the plaintiff Employers asserts that the failure of the defendant Hartford to serve a motion for a new trial within ten days after the entry of the summary judgment rendered June 21, 1966 in favor of the plaintiff and the failure of the defendant Hartford to give notice of the filing of the transcript of the proceedings of the circuit court are jurisdictional and deprive this Court of its power or authority to grant and entertain this appeal. For the reasons heretofore indicated there is no merit in this contention. Even if the motion requirement provided by Rule 59 (b) applied to a summary judgment proceeding, as it does not, the failure to satisfy that requirement would operate only to limit the scope of the review upon appeal but would not divest this Court of its jurisdiction to grant an appeal, within the period of time allowed for appellate review, from the summary judgment rendered by the trial court.

At common law a new trial was a retrial in the same court of an issue or issues of fact after a verdict by a jury and a new trial recognizes a complete former trial which for sufficient reasons has been set aside so that the issues of fact may be relitigated; and it is proper to grant a new trial only after a trial has been held by the court or by a jury. *Garden City Feeder Company v. Commissioner of Internal Revenue,* 8th

cir., 75 F. 2d 804; 3 Barron and Holtzoff, Federal Practice and Procedure, Chapter 11, Section 1301, page 338. A new trial necessarily presupposes a former trial and there can be no new trial if there has been no former trial. There can be no trial of any issue of material fact in a summary judgment proceeding; for if a trial of any issue of fact occurs the proceeding ceases to be a summary judgment proceeding but becomes instead an ordinary trial of issues of fact. Because there can be no new trial there is no basis for a motion for a new trial in a summary judgment proceeding and Rule 59 (b) which requires a motion for a new trial to be served not later than ten days after the entry of a judgment is manifestly inapplicable to a summary judgment proceeding. In *Boro Hall Corporation v. General Motors Corporation*, 6 F.R.D. 539, the District Court of the United States for the Eastern District of New York, in applying Rule 59 (a) of the Federal Rules of Civil Procedure to a summary judgment proceeding, held that a motion for a reargument of a motion for summary judgment which was not made within ten days from the entry of the judgment was not timely and that the court was without jurisdiction to entertain the reargument motion. In that case, however, the question of the right of the party who moved for reargument of a motion for summary judgment to appeal from the summary judgment was not involved or determined and the holding in that case is distinguishable from and does not apply to the case at bar.

As already indicated the notice requirement provided by Rule 80(c) does not apply to a summary judgment proceeding for the reason that in such proceeding it must appear that there is no issue as to any material fact and notice of the filing of the transcript is required only when the transcript embraces proceedings had and testimony taken at a trial of issues of fact on the merits and is not required where there is no trial of issues of fact or when the transcript is to

be used only at a hearing by the trial court or before a commissioner. Lugar and Silverstein, West Virginia Rules, page 525. In the opinion in *Pettry v. Chesapeake and Ohio Railway Company*, 148 W. Va. 443, 135 S.E. 2d 729, in discussing the use of a transcript under Rule 80(c), this Court said: "If the transcript is to be used by the trial court only and not used for appellate purposes no notice is required to be given to any parties." If, however, Rule 80 (c) applied to a summary judgment proceeding, as it does not, lack of notice of the filing of the transcript would not deprive this Court of jurisdiction to grant an appeal from the judgment although upon the appeal this Court would not have jurisdiction to consider matters which must be made a part of the record by a proper transcript of the proceedings. See *Pettry v. Chesapeake and Ohio Railway Company*, 148 W. Va. 443, 135 S.E. 2d 729; *Davis v. Phillips*, 140 W. Va. 280, 83 S.E. 2d 699; *State v. Tate*, 125 W. Va. 38, 22 S.E. 2d 868; *Given v. Diamond Shoe and Garment Company*, 84 W. Va. 631, 101 S. E. 153; *Dudley v. Barrett*, 58 W. Va. 235, 52 S. E. 100.

For the reasons stated the motion of the plaintiff to dismiss this appeal as improvidently awarded must be and it is denied.

The first two assignments of error challenge the propriety and the authority of the trial court to render summary judgment in favor of the plaintiff in the absence of any motion by it for summary judgment inasmuch as the only motion for such judgment was the motion of the defendant, Hartford Accident and Indemnity Company, which the court overruled and on which it rendered judgment against that defendant. As those assignments, which are devoid of merit, present the same question they are considered together and disposed of as a single assignment of error.

Rule 56 relating to summary judgment, which to the extent here pertinent, is substantially identical

with Rule 56 of the Federal Rules of Civil Procedure, provides in 56(a) that a party seeking to recover upon a claim, counterclaim or cross-claim, or to obtain a declaratory judgment, may at any time, on compliance with the rule, move with or without supporting affidavits for a summary judgment in his favor upon all or any part thereof. Rule 56(b) provides that a party against whom a claim, counterclaim, a cross-claim is asserted, or a declaratory judgment is sought, may at any time move with or without supporting affidavits for a summary judgment in his favor as to all or any part thereof. Rule 56(c) in part provides that the motion shall be served at least ten days before the time fixed for the hearing; that the adverse party prior to the day of hearing may serve opposing affidavits; and that the judgment sought shall be rendered forthwith if the pleadings, depositions, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. Though Rule 56 nowhere provides that a nonmoving party shall be entitled to judgment in his favor, the absence of such provision does not deprive the court of the authority, in the absence of any specific interdiction, to enter a summary judgment in favor of the nonmoving party when it appears that there is no genuine issue as to any material fact and that the nonmoving party is entitled to judgment as a matter of law.

Though there are some decisions to the contrary, the rule supported by the decisions of many federal and state courts and which constitutes the clear weight of authority is that at a hearing after due notice on a motion by one party for summary judgment, if it is found that there is no genuine issue as to any material fact and that the adverse party is entitled to judgment as a matter of law, the absence of a formal motion by such party for judgment does not preclude its entry in his favor.

A summary judgment proceeding was not designed to take the place of a trial on the merits and the weight of authority permits the court to grant summary judgment to a nonmoving party without the necessity of a cross-motion under Rule 56(a) or Rule 56(b). Lugar and Silverstein, West Virginia Rules, page 428; 3 Barron and Holtzoff, Federal Practice and Procedure, Chapter 11, Section 1239, page 178; 6 Moore's Federal Practice, Section 56.12, pages 2241 and 2242. It is well established that since the purpose of the summary judgment proceeding is to expedite the disposition of the case, a summary judgment may be rendered against the party moving for judgment and in favor of the opposing party even though such party has made no cross-motion for judgment. 3 Barron and Holtzoff, Federal Practice and Procedure, Chapter 11, Section 1239, page 178; *Roberts v. Fuquay-Varina Tobacco Board of Trade, Inc.*, E.D.N.C., 223 F. Supp. 212; *American Automobile Insurance Company v. Indemnity Insurance Company of North America*, E.D.C. Pa., 108 F. Supp. 221, affirmed 228 F. 2d 622; *Northland Greyhound Lines v. Amalgamated Association of Street, Electric Railway and Motor Coach Employees of America, Division 1150*, D.C. Minn., 66 F. Supp. 431; *Local 33, International Hod Carriers Building and Common Laborers' Union of America v. Mason Tenders District Council of Greater New York*, 2d cir., 291 F. 2d 496; *Proctor and Gamble Independent Union of Port Ivory, New York v. Proctor and Gamble Manufacturing Company*, 2d cir., 312 F. 2d 181, certiorari denied, 374 U. S. 830, 83 S. Ct. 1872, 10 L. Ed. 2d 1053; *Walters v. Dunlap*, W.D.C.Pa., 250 F. Supp. 76; *Carpineta v. Shields*, 70 So. 2d 573, 48 A.L.R. 2d 1185. In the opinion in the *Carpineta* case the Supreme Court of Florida said: "* * * there can be no sound reason why, when one party has moved for a summary judgment, the court, in the absence of a timely and meritorious objection, cannot dispose of the whole matter by granting a judgment to either party if it finds that the facts as properly construed against the prevailing

party show that he is entitled to a summary final judgment as a matter of law, even though it may be better practice to file a cross-motion.''

An obvious reason for permitting the entry of summary judgment, without motion or cross-motion by the adverse party when it appears that he, instead of the moving party, is entitled to such judgment is the avoidance of the delay and hardship which would result from withholding such judgment until formal motion should be made or reopening or remanding the proceeding solely for that purpose and subsequently entering such judgment upon such delayed formal motion. In such instance a formal motion is clearly neither necessary nor desirable and courts do not look with favor upon or require such futile and unwarranted procedure.

This Court recognizes and approves the rule supported by the weight of authority and holds that upon hearing on a motion of one of the parties for summary judgment, after due notice, when it is found that there is no genuine issue as to any material fact and that the adverse party is entitled to judgment as a matter of law, the failure of such party to file a motion for summary judgment does not preclude the entry of such judgment in his favor.

There is also no merit in the third and final assignment of error that the circuit court committed error in failing to hear evidence on the question whether the defendant Jewell Ridge was in fact engaged in real estate management for Superior and in ruling as a matter of law that Jewell Ridge was the real estate manager for Superior.

Though the answer of the defendant Hartford, as amended, denied that the defendant Jewell Ridge was engaged in real estate management for the insured, Superior, there is authority for the statement that such denial of itself does not create as issue upon a motion for summary judgment. 3 Barron and Holt-

zoff, Federal Practice and Procedure, Chapter 11, Section 1235, pages 146-147, and Section 1235.1, pages 152, 153. If a denial in a pleading should be given the effect of creating an issue a mere denial alone at any time could defeat the remedy afforded by the summary judgment proceeding.

The answer of the defendant Jewell Ridge admits the allegation in paragraph 7 of the complaint ''that the insurance policy of Hartford Accident and Indemnity Company was in full force and effect, that the named insured was the Superior Pocahontas Mining Co., Inc., and says that by virtue of the real estate management by Jewell Ridge Coal Corporation for the named insured the said policy also afforded its full protection to Jewell Ridge Coal Corporation.'' In the interrogatories propounded to counsel for the defendant Hartford filed December 8, 1965, it was admitted that the third party complaint, filed by him for Superior in the civil actions, alleged that Jewell Ridge was the agent of Superior and that its specific duty was to manage, maintain, operate and control its specific coal mining properties, and that Jewell Ridge was the agent of Superior. Moreover the interrogatories mention specifically numerous houses, store buildings and operating buildings, and certain permanent mining equipment at each of two mining operations designated as Capels and Havaco, which the answers to the interrogatories admit it was the duty of Jewell Ridge to manage, maintain, operate and control for Superior as its agent. There is no showing that there was any agreement that such houses or buildings were removable or regarded as personal property and in the absence of such agreement they are real estate and not personal property, despite the contention of Hartford to the contrary. They are immovables and are affixed to the land. The record discloses no issue of fact as to the character of those structures. On the contrary it clearly appears, in the circumstances shown by the record, that they are real estate as a matter of law. They are without question

tenements, Black's Law Dictionary, fourth edition, page 1637, and as such are declared to be real estate by paragraph (p), Section 10, Article 2, Chapter 2, Code, 1931; and the general principle of law is that a building permanently fixed to the freehold becomes a part of it and that prima facie a house is real estate which belongs to the owner of the land on which it stands. 42 Am. Jur., Property, Section 18.

Notwithstanding the foregoing admissions as to the real estate agency of Jewell Ridge for Superior there are statements of counsel for Hartford to the effect that at the time Mullins and Patrick were electrocuted by the power line managed by Jewell Ridge as the agent of Superior they were on property leased to New River and Pocahontas Consolidated Coal Company which was not under the control of Jewell Ridge or Superior and that the mining equipment, including the power line managed by Jewell Ridge, was not real estate but was personal property of Superior. Such statements, however, can not relieve the defendant Hartford from its coverage obligation under the policy issued by it to Superior if Jewell Ridge was engaged in managing any real estate of Superior as its agent as the third party complaint and the interrogatories show that it was at the time Mullins and Patrick were killed on other property by the electric power line which Hartford's counsel admits was under its control but contends was personal property and not real estate.

As the evidence on the motion by Hartford for summary judgment shows clearly that there is no genuine issue as to any material fact with respect to the agency of Jewell Ridge and that Jewell Ridge was the real estate agent of Superior when Mullins and Patrick were electrocuted, the action of the circuit court in denying the motion of Hartford for summary judgment and in rendering judgment against Hartford was correct and proper. When it is found from the pleadings, depositions and admissions on file, and the

affidavits of any party, in a summary judgment proceeding under Rule 56 of the West Virginia Rules of Civil Procedure, that a party who has moved for summary judgment in his favor is not entitled to such judgment and that there is no genuine issue as to any material fact, a summary judgment may be rendered against such party in such proceeding.

The judgments rendered March 12, 1966 and June 21, 1966, being free from prejudicial error, are affirmed.

*Affirmed.*